Cox *v.* Daugherty.

Opinion delivered June 6, 1896.

1. Adverse Possession—Occupancy by Tenant.—In computing the adverse possession of a landowner for the purposes of the statute of limitation, the time during which his tenant held adversely under him should be included. (Page 399.)

2. Adjacent Landowners—Conventional Boundary.—Persons owning adjacent lands may by agreement establish the boundaries between their lands, regardless of the lines of the Government survey. (Page 399.)

Appeal from Jackson Circuit Court.

James W. Butler, Judge.

*Gustave Jones* and *Marshall & Coffman,* for appellant.

1. Mrs. McDonald's deposition should have been suppressed. No commission was issued. The statute must be complied with.

Sand. & H. Dig. secs. 2997, 2999, 3001; 5 Am. & Eng Enc. Law, 582-3 and notes. Four material interrogatories were not answered. 38 Am. Dec. 639; 19 Wend. 437; 5 A. & E. Enc. Law, 596-7 and notes.

2. The evidence of Jamison as to the survey made by him was inadmissible. No notice was given to the owners. Sand. & H. Dig. sec. 963; 50 Ark. 570. The survey did not follow the agreement for a resurvey.

3. A line once established by agreement is binding. 59 Ark. 626.

4. The court erred in giving instruction No. 2 on its own motion.

*M. M. Stuckey* and *J. W. Phillips,* for appellee.

1. The depositions were properly taken. Sand. & H. Dig. secs. 2987, 2997 and 2998 to 3002. Appellant not injured by the failure to answer interrogatories, 8, 9, 10 and 11.

2. The evidence of Jamison as to a survey made by him was admissible. *There was no agreed line.* The contest was as to where the Government survey was, the true line. A county surveyor's survey in only *prima facie* evidence of the correctness of the survey. 44 Ark. 287.

3. The agreement was admissible as evidence whether or not there was an established line between the land, and it was admitted for no other purpose.

4. The court properly instructed the jury, and the verdict will not be interfered with. 56 Ark. 592; *Id.* 297; 57 *Id.* 483. No right or title can be gained against the owner of land by mere possession, unless it be actual, open, hostile, continuous, exclusive, etc., for the full period of the statute of limitations. 59 Ark. 620.

Bunn, C. J. This is a suit in ejectment by Carrie T. Daugherty, the alleged owner, against Junius R. Cox, tenant in possession of a strip of land extending north and south, 103 feet wide at north, and 100 feet wide at south end. Judgment for plaintiff, and defendant appeals to this court.

The facts are as follows towit: In October, 1881, Ed. McDonald was owner by inheritance from his father, of the northwest fractional quarter of section 1, township 11 north, range 2 west, in Jackson County, Arkansas and; William Davis of the northwest quarter of the northeast quarter of said section 1; and Jerry Martin was the owner of the southwest quarter of the northeast quarter of said section 1. There is evidence that in March, 1881, R. E. McDonald, Davis and Martin had their said lands surveyed, in order to establish a division line between McDonald's land on the west and those of Davis and Martin on the east side. In pursuance of this agreement, a lane for a public highway was left between the tracts, and the center of the land was established as the boundary line·between McDonald on the west and Davis and Martin on the east; and all their fences, houses and other improvements were changed to suit this adjustment of the line between them. By agreement of the parties, Felix Simmons, the county surveyor, surveyed the lands, and established this line of division between them, and gave them a certificate of his survey, which is as follows towit: "This survey begins at the southwest corner of section 1, township 11 north, range 3 west, where I found one of the old bearing trees, agreeing with the notes in distance and bearing, from which I ran north va. com. 6 degrees east, 42 chains and 42 links; to quarter section corner, and find the old bearing trees standing, agreeing with the notes; thence east va. com. 9 degrees 45 minutes east, 38 chains and 67 links; set post for a quarter section corner, from which a white oak, 14 inches in diameter, bears west 29 links distant, and a black gum, 14 inches in diameter, bears S. 48 & ½ E. 50 links distant; thence east 35 chains to quarter section corner on east side, where the old bearing trees are standing; then begin at northeast corner of section 1, township 11 north, range 3 west, which stands near the residence of J. R. Cox, and which is the established corner, I run west va. com. 6 degrees east, 36-50 links, and set post for quarter section corner on the north line of section 1, from which a sweet gum, 20 inches in diameter, bears N. 50 deg. W. 131 links distant, and a white oak, 50 inches in diameter, bears N. 32 & ½ E.·135 & ½

links distant. Which survey I certify to be correct, and conform-
ing to the orginal lines and corners.

March 4, 1881.

[Signed.]          Felix Simmons, *County Surveyor."*

In October, 1881, Davis sold his part of the land to Mrs. C.
M. Cox, the mother of defendant and appellant, Junius R. Cox,
and put her in possession. At this time the land had not been
actually opened in accordance with the survey, but seems to have
been soon afterwards. It appears that, before this line was estab-
lished, one Eliza Alexander purchased of Martin one acre on
the west side of his tract, and in making this survey this acre
was found to be a part of McDonald's land on the west side of the
line, and she subsequently paid him for it, and received his deed
on the 24th day of January, 1882. In 1890, McDonald sold his
fractional quarter section to Mrs. Carrie T. Daugherty, since
Mrs. McDougal, the plaintiff; and on the 3d of December, 1890,
the following agreement was executed in writing by and between
McDonald, J. R. Cox and Martin towit:

"State of Arkansas, County of Jackson. This agreement,
entered into this 3d day of December A. D. 1890, by the parties
of R. E. McDonald, J. R. Cox and Jerry Martin, that we will let
the lane to be the dividing line between our lands lying in town-
ship 11, section 1, range 3 west, until we get the State surveyor
to run the lines. The said surveyor to commence at the south-
east corner of the northeast quarter of section 1, township 11,
range 3 west, run west, and give Martin and Cox the number of
chains and links Cox's deed calls for; thence west on the said
line to the south corner of the northwest quarter of section 1,
township 11, range 3 west, count back giving R. E. McDonald
the number of chains and links his deed calls for, leaving the
overplus in the center; then beginning at the northeast corner of
the northeast quarter of section 1, township 11, range 3 west, run-
ning west on the variation of the field notes, giving J. R. Cox the
number of chains and links his deed calls for; then west on the
same variation to the northwest corner of the northwest quarter
of section 1, township 11, range 3 west; then coming back from
said corner, giving McDonald the number of chains and links his
deed calls for, leaving the overplus in the center, R. E. McDonald

receiving one-half of the overplus, J. R. Cox and Jerry Martin the other half; then the corner located by said surveyor shall be final.

[Signed]                                    "R. E. McDonald,
                                            "J. R. Cox.
                                            "Jerry Martin."

"When we have the lines run, I will see that Ed McDonald's part is paid.

[Signed.]                                         "J. R. Cox."

The testimony fails to show any authority in J. R. Cox to sign this agreement, his mother C. M. Cox still being the owner, and he only her tenant at will. The testimony shows that Mrs. C. M. Cox had been in continuous, uninterrupted possession of her tract since she purchased it from Davis, in 1881. Whether she had held adversely to McDonald and his vendee during this time is one of the principal matters in controversy, as upon the settlement of this question depends the success or failure of the plea of the statute of limitation made by defendant J. R. Cox. The object and effect of the agreement made in 1890 between McDonald, J. R. Cox and Martin was to destroy the theory of defendant that the adjustment of 1881 was to be permanent and final, and that the possession of the parties, given and taken in accordance therewith, was adverse to the one to the other. J. R. Cox having no authority from his mother to bind her by this agreement, which so vitally affected her interest in her lands, the written agreement of 1890 signed by him was not admissible in evidence.

In the second instruction given by the court on its own motion over the objection of the defendant, the court, in effect. confined the period of the running of the statute of limitations to the time J. R. Cox held possession of the land, whereas he should have had the benefit of the whole time of his own and his mother's possesssion.

Moreover, in this same instruction, the court, disregarding the claim of the defendant that the rights of the parties were fixed by the adjustment of March, 1881, made the line between the northwest and the northeast quarter of said section, as established by the Government surveys, the true division line

between the parties, as the same was ascertained by one James A. Martin, a surveyor who last surveyed the lands. This was an error. If the first adjustment was in fact intended to be final and decisive, it matters not where the line of the Government survey may be.

The whole question then turns upon whether or not the adjustment of 1881 was intended by the parties to be final, and not what was the true line between their lands according to the Government surveys originally made, in case there was no adverse holding for the statutory period. Other errors may be cured on a new trial by the parties if it is so desired.

For the errors named, the judgment is reversed, and the cause is remanded for rehearing.