PARHAM *v.* DEDMAN.

Opinion delivered December 10, 1898.

AGREEMENT TO DIVEST TITLE — CONSIDERATION — STATUTE OF FRAUDS.—
Where one has acquired title to land by adverse possession, a parol
agreement by him that if the holders of the record title will let his
tenant continue to occupy the land for a certain time, he will thereafter
surrender possession and pay rent, is without consideration and within
the statute of frauds. (Page 30.)

Appeal from Dallas circuit court.

MARCUS L. HAWKINS, Judge.

STATEMENT BY THE COURT.

On June 7, 1893, appellees filed their complaint in eject-
ment in the Dallas circuit court against R. W. Parham and
Sam Coleman, alleging that they were the owners in fee simple
and entitled to the possession of "that part of the S. ½ of the
N. W. ¼, sec. 27, t. 10 S., r. 14 W., lying east of the Little
Bay road, except such part of one square acre on which Par-
ham's mill stands as is north of said creek and east of said
road, said mill house being in the center of said square acre."
The complaint further alleges that "situate upon said lands be-
longing to plaintiffs is a two-roomed dwelling house inclosed
with a fence, embracing about one-third of an acre, more or
less. Said house is about 90 yards west or northwest of said
mill house, and east of the Little Bay road." Plaintiffs deraign
title to the house and land as follows: (1) On July 28,
1880, defendant R. W. Parham, and wife, by deed of that date,
duly acknowledged and executed, conveyed to T. J Barner,
amongst other lands, the S. ½ of the N. W. ¼, sec. 27, t. 10 S.,
r. 14 W., except that part being west of the Little Bay road
(about 12 acres, more or less), also one acre on which our
steam mill stands,"—which parts are reserved to the grantor.
(2) On May 25, 1884, said T. J. Barner and wife, by their
deed of that date, duly acknowledged and recorded, conveyed
in fee to Wm. H. Marshall, Jr., amongst other lands, the follow-

ing: The S. ½ of the N. W. ¼, sec. 27, "except that part lying west of the Little Bay road (about 12 acres more or less), also one acre on which the steam mill stands." (3) On March 25, 1890, said Wm. H. Marshall, Jr., and his wife, by their deed of that date, duly acknowledged and recorded, conveyed in fee to M. M. Duffie and R. H. Dedman (the plaintiffs) one-half interest in these, among other, lands, to-wit: "All that portion north of Mill Creek and east of the Little Bay road, in the N. E. ¼ of the S. W. ¼, and the S. ½ of the N. W. ¼ of sec. 27, t. 10 S., r. 14 W., * * * except such part of one square acre as would lie north of Mill Creek, taking Parham's steam mill for the center of said acre, said mill being on the bank of said creek." (4) On December 16, 1890, said Wm. H. Marshall, Jr., and his wife, by their deed of that date, duly acknowledged and executed, conveyed to said M. M. Duffie and R. H. Dedman, one-half interest to the following lands (amongst others): "All that portion north of Mill Creek and east of the Little Bay road, in the N. E. ¼, S. W. ¼, and S. ½, N. W. ¼ sec. 27, t. 10 S., r. 14 W., * * * except such part of one square acre as will lie north of Mill Creek, taking Parham's steam mill as the center of said acre, said mill being on the bank of said creek." The complaint closes with the allegations that plaintiffs have title and right to immediate possession of the lands and tenements in suit; that defendant is and has been in unlawful possession thereof, to the damage of plaintiffs, etc. The four deeds referred to in the complaint were filed as Exhibits "A," "B," "C" and "D," and they appear in the transcript.

Defendant Coleman answered separately, disclaiming title to the land in suit, and alleging that he was the tenant of defendant Parham.

The appellant, R. W. Parham, answered in substance as follows: (1) He admits the facts of the execution of the deeds referred to and exhibited with complaint. (2) He denies that he is in unlawful possession of the premises, or that he owes plaintiff $100 or any other sum as rent for said premises. He alleges that he is "now and always has been" the owner of the premises in suit; that there was an understanding between himself (Parham) and Barner (his vendee), at the

time of his execution to him of the deed marked Exhibit "A" to complaint, that the acre reserved therein should be so laid off as to cover and embrace the house and grounds in controversy, as well as the steam mill of defendant. (3) He alleges that at the time of the reservation of the one acre in his deed to Barner, the house and land in controversy was and has ever since been in the actual, adverse and notorious possession of defendant; wherefore he pleads the seven years statute of limitation. (4) He alleges that during the past three years, while in possession of the land, he had made valuable improvements upon the land to the amount of $57.50. He concludes with a prayer for judgment for (a) possession of land or (b) the value of improvements by him placed upon the property and the declaration of a lien therefor, in the event the court should award the possession to plaintiffs.

On June 20, 1894, the cause was tried before the court sitting as a jury. The court found for the appellees, Dedman and Duffie, and rendered judgment in their favor for recovery of the property claimed, and for damages for the detention thereof.

Parham filed a motion for a new trial, which was overruled, to which he excepted, and appealed to this court. There were instructions below, but they were not excepted to. One of the grounds of the motion for a new trial is that the court erred in its finding of facts.

*R. C. Fuller*, for appellant.

The court erred in finding that the acre should be laid out in a square. This finding, not being supported by the evidence, was error. 33 Ark. 651; 2 Ark. 360; 5 Ark. 407; 6 Ark. 89; 20 Ark. 638; 34 Ark. 338. Appellant has title by virtue of his adverse possession. 33 Ark. 633; 30 Ark. 640; 38 Ark. 181. The court erred in making and refusing declarations of law.

*E. B. Kinsworthy* and *Jas. H. Stevenson*, for appellee.

The bill of exceptions is insufficient. The bill of exceptions, and not the judgment entry, should contain the record of the saving of exceptions to the overruling of the motion for

new trial.  44 Ark. 411; 28 Ark. 450; 30 Ark. 585; 43 Ark. 394; 31 Ark. 725.  No exceptions being saved to the declarations of law or fact, all objections thereto are waived.  8 Enc. Pl. & Pr. 157, 166, 255 and 278; 60 Ark. 256–258; 38 Ark. 246; 41 Ark. 535; 36 Ark. 451.  Nor can such objection be raised for the first time by motion for new trial.  8 Enc. Pl. & Pr. 279; 45 Ind. 400; 91 Ky. 406.  The legal effect of the deed describing an acre as including an improvement is that the acre should be laid off in a square with the improvement in the center.  Hughes (Ky.), 29; *ib.* 31; *ib.* 180; Sneed (Ky.), 102; 1 Bibb (Ky.), 11, 12; *ib.* 17; *ib.* 47, 49; *ib.* 94; *ib.* 95; *ib.* 107; *ib.* 101, 102; 17 Fed. 657; 74 Ala. 141; 19 S. W. 734; 53 Miss. 259; 66 Ill. 519; 1 Dembitz, Land Tit. 38, 67; 2 Ohio, 328; Wright (Ohio), 366; *ib.* 650.  If the evidence be taken as showing adverse possession, all the evidence on this point being to the same effect, the existence of adverse possession became a question of law, and the finding thereon should have been excepted to.  30 Am. Dec. 218; 82 Ga. 675; 5 Peters, 401, 438.

HUGHES, J., (after stating the facts.)  The evidence in the case shows that R. W. Parham held the open, continuous, adverse possession of the property in controversey in this suit for a period of more than seven years before the bringing of this action, and if this be the case he thereby obtained a title to the same, and all title and right of Dedman and Duffie were, by reason of such adverse possession, extinguished.  This suit was commenced in June, 1893.  According to the evidence, R. W. Parham had held open, continuous, adverse possession of the piece of land in controversy, and the house situated thereon, since 1880, a period of over twelve years.

It is contended by appellants that this house and the ground on which it is situated were in controversy in a suit between R. W. Parham and Marshall, the vendor of Dedman and Duffie, which was decided adversely to Parham by the supreme court in 1893, and that the statute of limitations could run only from the determination of said suit.  But we find this suit between Parham and Marshall was about that part of the south half of the northwest quarter of sec. 27, t. 10 S., r. 14

W., lying south of Mill Creek, while this suit involved only that part of the S. ½, N. W. ¼, sec. 27, t. 10 S., r. 14 W., that lies east of the Little Bay road, and north of Mill Creek. So that suit did not affect the question involved in this.

It is also contended that in 1893 Parham said to one of the appellees that since he had lost the suit with Marshall, if the appellees would let his tenant occupy the house till the end of the year, he would surrender possession of the house to them, and pay them rent for it; that he thereby acknowledged their right, attorned to them and is estopped to dispute their title. But the title of Parham had then been completed by lapse of time, and adverse possession for several years more than seven, and his title was not divested by this agreement.   There appears no consideration for it, and the title to land cannot be transferred in this way.   There was no writing, and therefore the agreement, so far as the transfer of title is concerned, was within the statute of frauds.

Reversed and remanded.