HUDSON *v.* STILLWELL.

Opinion delivered November 26, 1906.

1. ADVERSE POSSESSION—RECOGNITION OF ANOTHER'S TITLE.—Where title to land has vested in the occupant by adverse possession for more than seven years, an executory agreement by him to readjust the boundary lines or any other act done in recognition of the validity

of another's claim to the land would not remove the statute bar
and reinvest the title. (Page 578.)

2.  SAME—EFFECT OF RECOGNITION OF ANOTHER'S TITLE.—After land has·
been occupied continuously for seven years, any act done in recog-
nition of the claim of the original owner would only be important,
when done by the same person who held for the statutory possession,
as tending to show the character of such possession; but if done by
a subsequent holder under grant, devise or inheritance from one who
held adversely for the full statutory period, such act of recognition
would not tend to show the character of the possession. (Page 579.) *

Appeal from Arkansas Circuit Court; *George M. Chapline,*
Judge; reversed.

*John F. Park,* for appellants.

1.  The issue is as to whether or not appellants and their
ancestors had seven years open, continuous, adverse possession
of the land in controversy. Such possession confers title in this·
State. Kirby's Digest, § 5056; 38 Ark. 193; 48 *Id.* 316; 58 *Id.*
142. Appellant, Hudson, testified without contradiction, that
he, his wife and her father had held the land continuously since·
1878, claiming it up to the fence. No question was ever raised
as to the boundary. Acquiescence for such a length of time is
conclusive evidence that the boundary fixed upon is the true one.
7 Conn. 761; 16 N. Y. 363; 9 Johns. 61; 31 Am. Dec. 633; 4
N. W. 190; 45 S. W. 829. The statute runs in favor of the·
holder, even though there may have been a mistake in the boun-
dary, if he has taken possession to a line believed by him to·
be the true line, intending to hold adversely. 91 S. W. 304.

2.  The court erred in refusing to instruct the jury that
twenty-five years adverse possession of land, without any show-
ing why the statute of limitations does not run, is enough to con-
fer a good title, though it rested only on possession. 23 Ark. 147.

3.  The first instruction given by the court is erroneous
because it leaves out of consideration the questions of adverse·
possession and limitation.

4.  The court erred in its second instruction. No verbal
agreement with reference to surveying the land, and to abide by
the survey entered into after the statute of limitation had run,.
would divest appellants of the title so required. Kirby's Digest,
§ 3654; 66 Ark. 26; 61 S. W. 1001; 52 Am. Dec. 618; 15 N. E.

253. Hudson's letter of December 19, 1902, does not take the promise out of the statute of frauds. He nowhere agrees to abandon the land in controversy, nor was there any consideration moving for the promise. 17 Ind. 29.

5. The third instruction given by the court was erroneous.

*H. Coleman,* for appellee.

1. Appellants asked no instructions upon the theory of acquiescence. They will not be permitted to shift their position in this court and urge that appellee is estopped. 64 Ark. 252; 46 Ark. 143; 71 Ark. 552; *Id.* 427; *Id.* 246; 70 Ark. 197; 66 Ark. 219; 64 Ark. 305; 63 Ark. 268; 55 Ark. 153; 74 Ark. 77.

2. Appellants' exception to instruction No. 1. was general, and the objection here urged was not pointed out to the trial court. A general objection is not sufficient. 75 Ark. 325; 56 Ark. 602; 60 Ark. 619.

3. The second instruction given by the court correctly declares the law. A mere showing of possession is not sufficient to satisfy the statute of limitations. 59 Ark. 628. Since appellant Hudson could only acquire title by seven years adverse possession, if, within that time, he agreed with appellee to have the true line surveyed, and to abide by such survey, this would take from his possession its adverse character. The statute of frauds has no application to this case. Agreements as to boundary lines are not within the statute of frauds, because they are not considered as applying to the title. See 1 Cyc. 1035; 71 Ark. 248.

4. There is no error in the third instruction given by the court.

5. The third instruction asked by appellants was properly refused. So far as this instruction was intended to present the issue of adverse possession under the statute of limitations, that was fully covered by the first and second instructions given for appellants.

McCulloch, J. This action involves a controversy between the respective owners of two coterminous tracts of land, as to the location of the boundary line. The precise location of the line is disputed, and, in addition to that issue, the defendant asserts that they, and those from whom they deraign title, have adversely

80—37

held the land in controversy for more than seven years before the commencement of the action, and they plead the statute of limitations in bar of the plaintiff's right to recover. The testimony is conflicting as to whether the occupancy of defendant and those from whom they obtained title had been adverse, or whether it was based upon a mistake as to the true boundary line and the occupancy had been in subordination to the claim of the true owner, whensoever asserted.

The court gave the following instructions over the objections of defendant, viz.:

"Second. The defendant in this case, J. A. Hudson, owns a life estate in Spanish Grant No. 2354; and if he agreed with the plaintiff to have the lands surveyed within a period of seven years prior to the commencement of this suit, and to be governed by the survey, this agreement would take it out of the statute of limitation, and he would be bound by said survey as to his interest in said land.

"Third. The minor defendants in this case are not bound by any agreement made by the defendant, J. A. Hudson, as to survey of said land or agreements made with the plaintiff herein, unless you should find that he was the general agent of his wife, managing and controlling her interest in her estate. If you find he was her general agent for said purpose, and he agreed to have the lines run, and be governed thereby, and said agreement was made within seven years prior to the trying of this suit and in the lifetime of his wife, then you will find against defendants, and the plea of the statute of limitation."

The instructions were erroneous, according to the ruling of this court in the recent case of *Shirey* v. *Whitlow, ante* p. 444.

The evidence established that the occupancy by the ancestor of the defendants began more than twenty-five years before the commencement of this action, and, if it was adverse, it ripened into title by limitations more than seven years before the commencement of the action. If the occupancy was adverse for the statutory period, it operated as a complete investiture of title, and a subsequent executory agreement to readjust the boundary lines or any other act done in recognition of the validity of plaintiff's claim to the land would not remove the statute bar and reinvest the title. *Shirey* v. *Whitlow, supra; Bayles* v. *Daugherty,*

77 Ark. 201 ; *Parham* v. *Dedman,* 66 Ark. 26 ; *Fulton* v. *Borders,*
(Ky.), 61 S. W. 1001.

Any act done after seven years' occupancy in recognition of
the claim of the original owner would only be important, when
done by the same person who had held for the statutory period, as
a circumstance tending to show the character of the possession,
whether adverse or not. *Shirey* v. *Whitlow, supra.* If done by
a subsequent holder under grant, devise or inheritance from one
who had held adversely for the full statutory period so as to'  ·
amount to an investiture of title, such act of recognition would
not be important for any purpose.

On account of the error committed in giving those instruc-
tions the judgment is reversed, and the cause remanded for a
new trial.