### HUTT *v.* SMITH.

### Opinion delivered March 29, 1915.

ADVERSE POSSESSION—RECOGNITION AFTER STATUTORY PERIOD.—When A. claims title to land by adverse possession, mere recognition of B.'s original ownership of the land, after the running of the statutory period giving A. title by limitations, will not divest A.'s acquired title.

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*G. G. Pope,* for appellant.

1. The record title in plaintiff being conceded, the defendant had the burden of proving all the essential elements of an adverse possession of such character as would overthrow this title and establish his own. 57 Ark. 97; 59 Ark. 626; 65 Ark. 422; 79 Ark. 109; 163 S. W. 783. The possession should not only be accompanied by the adverse intent so as to fix the character of the original entry, but also continuous and unbroken during the statutory period so as to leave no doubt on the mind of the true owner, not only who the claimant was, but that it was his purpose to deprive the owner of his land. 43 Ark. 464; 49 Ark. 266; 57 Ark. 97; 60 Ark. 553.

Possession which is without color of title will not be extended by construction. The doctrine of adverse possession is to be construed strictly, and can not be made out by inference, but only by clear and positive proof. 1 Am. & Eng. Enc. of L. (2 ed.), 887.

2.  Instruction 8, given on appellee's request, is erroneous in that it is in direct conflict with instruction 3, given for the appellant, and entirely changes the burden of proof from the defendant to the plaintiff.  Moreover, it ignores the principle of law that constructive possession follows the legal title in the absence of actual possession adverse to it.  110 Ark. 576; 37 Pa. Sup. Ct. 496; 49 Ark. 270.

*Henry Moore, Jr.,* for appellee.

1.  The jury found that the defendant had held the land adversely for the statutory period of seven years.  The evidence in support of the verdict is conclusive, and the verdict will not be disturbed.

2.  Possession, if once shown to be open and notoriously adverse, is presumed to continue so until the contrary is shown.  67 Ark. 85.

3.  Where a person takes possession of land under the belief that he owns the same, where he encloses the land and holds it continuously for the statutory period under such belief of ownership, his possession is adverse and will divest the title of the former owner.  83 Ark. 76; 87 Ark. 626; 92 Ark. 323; 100 Ark. 75; 100 Ark. 557.

McCulloch, C. J.  This is an action instituted to recover possession of a tract of land containing about eight acres, and the claimant shows a clear record or paper title.  The defendant claims title only by adverse possession for the statutory period of limitations, and the case was tried before the jury on that issue.  The verdict was in favor of the defendant, and the plaintiff appealed.

The plaintiff owns a farm in Little River County, and the defendant owns one adjoining his on the south.  The land in controversy is, and has been for twenty years before the commencement of this action, inclosed with the defendant's farm, but is in fact situated within the boundaries described in plaintiff's title deeds.  The defendant shows that as far back as the year 1890, the land in controversy was in cultivation, and inside of the fence of his grantors.  The undisputed proof is that the defendant's grantors and tenants occupied the land and cultivated it

up to this fence, which was supposed to be on the boundary line.   Defendant purchased the farm in the year 1904, which was about six years before the commencement of this action.   The farm owned by the defendant is known as the Deloney farm, and he purchased it from the Deloney heirs.   Testimony adduced by the plaintiff tends to show that in the year 1903, Mr. Jobe, the husband of one of the Deloney heirs, recognized the superiority of plaintiff's title, and agreed to pay rent on the disputed strip of land, the tract of land in controversy.   This, however, is contradicted by the testimony of Jobe himself. The court submitted the issue to the jury upon the claim of adverse possession, and we think there is enough testimony to establish title by limitations.   The evidence on the part of the defendant shows that the land was actually occupied and cultivated by defendant's grantors from the year 1890 down to the present time, and the jury were warranted in finding that possession was adverse, and not in subordination to the title of the true owner. The charge of the court on this issue conforms to the law on the subject as declared by this court in many decisions. The most recent one is the case of *Couch* v. *Adams,* 111 Ark. 604.

Error is assigned in giving, at the plaintiff's request, the eighth instruction, which reads as follows: "Possession, if once shown to be openly and notoriously adverse, is presumed to continue so until the contrary is shown." In other instructions the jury were told that the burden rested on the defendant to establish his title by adverse possession by a preponderance of the evidence.   We think the proof in this case does not leave open any question of presumption, and that the instruction on that subject was not prejudicial, even if it was erroneous.   We will not, therefore, undertake to decide whether or not the instruction was correct.   The jury necessarily passed upon the question of the character of defendant's possession. That was expressly submitted to them by other instructions, and they were told that unless the possession was adverse.

to all claimants, and not in subordination to the title of the true owner, the verdict should be for the plaintiff.

Now, there was, according to the evidence, no change in the character of the plaintiff's possession, except that some testimony tended to show recognition of the plaintiff's claim by Mr. Jobe in the year 1903. That, however, was thirteen years after the adverse possession began, and the possession of the Deloneys had therefore ripened into title by limitations. Mere recognition at that time would not divest the title already acquired by limitations, and proof of recognition of the title by Jobe was only competent for the purpose of showing the character of possession prior to the lapse of time necessary to give title. *Shirey* v. *Whitlow,* 80 Ark. 444; *Hudson* v. *Stillwell,* 80 Ark. 575. But, inasmuch as the character of possession had not, according to the uncontradicted testimony changed for thirteen years, and the jury having found that it was hostile, there was no ground for finding that it had ceased to be such before it ripened into title. There are other questions presented, not of sufficient importance to discuss. We find no prejudicial error in the record, and the judgment is therefore affirmed.