STROUD v. SNOW.

4-2745

Opinion delivered November 21, 1932.

*E. E. Hopson,* for appellant.

*P. S. Seamans,* for appellee.

BUTLER, J. G. W. Stroud, the appellant, was the owner of a tract of land, a part of which he undertook to subdue and cultivate. In doing this he went beyond his line, cleared and inclosed a small parcel of land beyond his true boundary which he occupied under a claim of ownership for a period of approximately twenty years. At about the expiration of this period of time the appellee, Snow, purchased a tract of land adjoining that of the appellant on which the appellant's fence had been built and the lands aforesaid inclosed and held.

On the trial of the case in the court below, the appellee and his witnesses testified that, after the purchase by appellee, he notified the appellant that his fence was over the property line, and after some discussion the appellant agreed that when the line was run by the surveyor, he would put his fence back on the true line, that the line was run by the surveyor, and the appellant was present at the time and then and there agreed to carry out his former promise. This was disputed by the appellant, who testified that he had never made any such agreement, but that the appellee entered on the land during the night and constructed a fence across the property, and that he thereupon brought this action, which was a suit for forcible entry.

Over the objection of the appellant, the court gave instruction No. 1 as follows: "Your verdict will be for the plaintiff for the title and possession of the property in controversy, and assess his damages, if you find that he has been damaged, for such an amount as you believe from the evidence to be a fair and reasonable rent for the land during the time the defendant has had same in his possession; unless you further find from the evidence that there was a controversy between the plaintiff and the defendant as to where the line between them should properly be; and then, unless you further believe from the evidence that an agreement was entered into between them that the line as surveyed by the county surveyor

should be recognized as a proper line and a fence constructed in accordance therewith, in which event your verdict should be for the defendant for the title and possession of the property in controversy.''

To the giving of this instruction, timely exceptions were saved, and it is now urged that the instruction was erroneous, and that the court should have given instructions (a) and (b) requested by appellant.

Instruction (a) was for a directed verdict in favor of the plaintiff for possession of the land and $120 damages. Instruction (b) is as follows: ''You are instructed that if you find from the evidence that the plaintiff, G. W. Stroud held the land in question in open, notorious and adverse possession for seven consecutive years, then you will find for the plaintiff and assess his damages for such sums as you find to be fair, reasonable rent for said land during the time that the defendant has had same in possession.''

The court refused these instructions, to which ruling timely objections were made and exceptions saved. The jury found for the defendant and settled the disputed question of fact against the appellant, so that we must treat the agreement as established. This presents the single question, is the agreement sufficient to divest the title to the land in controversy acquired by lapse of time and the adverse possession of the appellant beyond the statutory period? The general rule is stated in 2 C. J., § 559, p. 256, as follows: ''A title which has ripened by adverse possession cannot be divested by parol abandonment or relinquishment, but must be transferred by deed.'' This rule is recognized by this court in *Hudson* v. *Stillwell*, 80 Ark. 575-578, 98 S. W. 356, where we said: ''If the occupancy was adverse for the statutory period, it operated as a complete investiture of title, and a subsequent executory agreement to readjust the boundary lines or any other act done in recognition of the validity of plaintiff's claim to the land would not remove the statute bar and reinvest the title.'' To the same effect are the decisions in *Parham* v. *Dedman,* 66 Ark. 26, 48 S. W. 673;

*Shirey* v. *Whitlow,* 80 Ark. 444, 97 S. W. 444; *O'Neal* v. *Ross,* 100 Ark. 560, 140 S. W. 743; *Hutt* v. *Smith,* 118 Ark. 10, 175 S. W. 399; *Blackburn* v. *Coffee,* 142 Ark. 430, 218 S. W. 836; *Dermott* v. *Stinson,* 144 Ark. 208, 222 S. W. 54, cited by the appellee.

In the recent case of *Haskins* v. *Talley,* decided by the Supreme Court of New Mexico, November 17, 1923, and reported in 29 N. M. 173, 220 Pac., at page 1007, our cases are reviewed, and the doctrine therein announced is approved as the general rule. See also *Lusk* v. *Yankton,* 40 S. D. 498, 168 N. W. 375.

The agreement under consideration in *Hudson* v. *Stilwell,* 80 Ark. 575, 98 S. W. 356, was a verbal one, and the reason for the rule announced in that case, which we have quoted, was that the agreement was such a one as would affect an interest in lands and was within the inhibition of the statute of frauds. *Parham* v. *Dedman,* 66 Ark. 26, 48 S. W. 673. The words in that rule, "or any other act done, etc," refer to executory agreements.

In the instant case there was no testimony as to anything except an executory agreement. There was no possession of the land in dispute surrendered by appellant or taken upon that surrender by appellee. Therefore, instruction No. 1 given by the court and heretofore set out was not only contrary to the rule announced in the cases cited, but was also not in accord with the rule announced in *Taylor* v. *Rudy,* 99 Ark. 128, 137. S. W. 574, cited in *Buchanan* v. *Roddy,* 171 Ark. 855, 286 S. W. 1020, as follows: "Where there in uncertainty as to the boundary, or the owners of adjoining lands are in disute as to the dividing line, the parol agreement of such owners as to the boundary establishes the line, and, when followed by possession with reference thereto, is conclusive on them"; and in *Cox* v. *Daugherty,* 75 Ark. 395, 36 S. W. 184; "Persons owning adjacent lands may, by agreement, establish the boundaries between their lands, regardless of the lines of the Government survey."

These cases are where there were agreements which had been executed and possession acquired under them which brought them without the inhibition of the statute of frauds, and there is no. conflict in the principles announced in those cases with that announced in *Hudson* v. *Stilwell, supra,* and the other cases cited.

The judgment of the court below is reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.