DAVIS *v.* WRIGHT.

4-9834                                      249 S. W. 2d 979
Opinion delivered June 16, 1952.

744

Otis H. Nixon, for appellant.

Wayne Foster and Carl Langston, for appellee.

MINOR W. MILLWEE, Justice. This is another boundary line dispute between neighbors. Appellant, Roy Davis and appellees, J. A. Wright and wife, own and reside on adjacent lots in the City of North Little Rock. In 1917 appellant built his home on Lot 6 which is on the corner and north of Lot 5 purchased by appellees in 1946. Appellees instituted this suit to quiet their title to Lot 5 in accordance with the sketch of a survey attached to the complaint which shows that a hedge and fence marking the south line of appellant's lot encroaches upon appellees' lot 3.75 feet on the front and three feet on the rear.

In his answer appellant denied the correctness of the survey and alleged title to the disputed strip by an agreed boundary and by peaceable and uninterrupted possession for more than seven years up to the hedge and fence line. The chancellor found for appellees and entered a decree quieting their title to the disputed strip.

Appellant's first contention for reversal is that the survey relied on by appellees is incorrect and unreliable because the surveyor failed to establish a monument indicated on the official plat as a reference point. John A. Powers, who made the survey for appellees in 1951, testified that the official plat called for a stone marker

in place at the northwest corner of the addition. In making the survey he did not find the stone, which had apparently been covered by levee construction, but found an iron pin at that location. He had verified the iron pin as a corner by previous surveys which established the pin as being in agreement with existing monuments in the adjacent addition to the north. He also found that the iron pin checked with monuments in the addition itself as shown by the official plat and he made the survey in question from these points. One of these monuments was an iron pin found in the center of an old macadamized road at the intersection of two streets at the southeast corner of the block in which the lots are situated.

The official plat of the addition shows all lots in the block as being 50 feet and 10 inches wide and the Powers survey is in conformity with the plat showing that the hedge and fence line between the lots encroaches upon appellees' Lot 5. Although appellant showed that other surveys had been made, none of these were introduced nor was it shown that they were made in conformance with the official plat. On the contrary it is clearly inferable from the testimony that these surveys were made on the erroneous assumption that the lots were 50 feet wide instead of 50 feet and 10 inches as shown by the official plat. The testimony also shows that the property lines of Lots 1 to 6 on the east side of the block were all laid out and improvements constructed on this assumption. Appellant's insistence that these lines were established according to the original survey and the official plat is not supported by the testimony and is disputed by the plat itself. The preponderance of the evidence supports the court's finding that the Powers survey was in accordance with the official plat and correctly represents the property lines shown thereon.

It is also argued that the hedge and fence line was established as an agreed boundary. It is well settled by our decisions that where there is doubt or uncertainty, or a dispute has arisen, as to the true location of a boun-

dary line, the owners of the adjoining lots may, by parol agreement, fix a line that will be binding upon them, although their possession under such agreement may not continue for the full statutory time. *Payne* v. *McBride,* 96 Ark. 168, 131 S. W. 463; *Robinson* v. *Gaylord,* 182 Ark. 849, 33 S. W. 2d 710; *Peebles* v. *McDonald,* 208 Ark. 834, 188 S. W. 2d 289; *Sloan* v. *Ayres,* 209 Ark. 119, 189 S. W. 2d 653. This rule is in accord with the weight of authority. 11 C. J. S., Boundaries, § 67d; 8 Am. Jur., Boundaries, § 75. In order to constitute a valid agreement there must be an intent to determine or settle the permanent location of the line. 11 C. J. S., Boundaries, § 67a.

Appellant testified that he had such an agreement with T. U. Landrum in 1946. Landrum purchased Lot 5 in the early part of 1946 and sold it to appellees in August of that year. At that time a well-formed hedge extended from the front line of the lots for a distance of 41 feet. Landrum testified that appellant told him the hedge was on the line and Landrum constructed a wire fence from the west end of the hedge to the alley. Although Landrum stated that it was agreed that the fence be put there, he denied any agreement that it would constitute a permanent line and stated that he had no agreement with appellant as to the location of the true line. Shortly after erecting the fence Landrum had a survey made showing that the hedge and fence encroached on his lot about 18 inches. Although he worried about the location of the line, he made no protest and was satisfied with the fence as a line for the short time that he owned the lot. Landrum appears to be a disinterested witness. We cannot say the chancellor's finding, that appellant failed to establish an agreed boundary, is against the preponderance of the evidence.

The most serious question in the case is whether appellant established title by adverse possession up to the fence and hedge line. Appellees contend that appellant neither pleaded nor proved adverse possession of the disputed strip. Appellant asserted in his answer that he had held peaceable and uninterrupted possession up

to the fence and hedge line for more than seven years and that appellees were estopped by limitations and laches from the relief which they sought. During the course of the trial counsel for appellees made the assertion that appellant was claiming title by adverse possession and the sufficiency of the answer was not challenged by demurrer or motion to make more definite and certain. Nor was there any objection to the testimony offered on the issue of adverse possession. Even if the answer should be held defective, we would treat the pleadings as amended to conform to this testimony to which no objection was made. The rule that on appeal pleadings will be considered amended to conform to the testimony adduced without objection applies to answers as well as to complaints. *Kahn* v. *Metz*, 88 Ark. 363, 114 S. W. 911.

Appellant testified that he had resided in his home on Lot 6 since 1917 when the fence was built in accordance with the survey then made. I. E. Stillman, a neighbor, testified that he built a fence between Lots 5 and 6 in 1917 according to iron pins pointed out to him by appellant's mother and that the old fence ran on approximately the same line as the hedge which was extended by the fence erected by Landrum in 1946. Appellant and his son stated that in 1937 or 1938 they planted the hedge just inside and along the old fence which was still standing at that time. Other witnesses corroborated this testimony and stated that the old fence remained in place from 1917 until the hedge was planted.

Appellees' grantor, Landrum, testified that while the old fence was not there in 1946, he noticed "a little high place like there might have been a fence there before" and in digging a post hole for the new fence he dug up an old post that had broken off in the ground.

Mr. Powers stated that iron pins 50 feet apart were found throughout the east side of the block indicating that previous surveys had been made on that basis. While he did not make a survey sufficiently extensive to determine whether all lot lines in the block were established and improvements made by the owners according to

such surveys, he stated that this was apparently true. He also said that if his survey was adopted all these old lines would be disturbed and appellees would have to move their garage which encroaches 1½ feet on Lot 4 occupied by their neighbor on the south.

Appellee J. A. Wright testified that he built the garage in reliance on the old iron pins and a survey made for him by J. O. Jones in 1947 showing the lots 50 feet wide, that other owners in the block had established lines, made improvements, and were claiming lands in accordance with these old iron pins set in accordance with previous surveys. He also testified that in 1948 appellant admitted that his hedge encroached on appellees' lot about 18 inches and that in November, 1950, appellant stated that he would chop the hedge down but a day or two later said he would not move the hedge. Appellant stoutly denied this testimony and there is no proof that he ever acquiesced in the Powers survey.

Appellant testified that while he was claiming ownership of a lot 50 feet and 10 inches wide, he had always claimed the land within the old fence and hedge line and had continuously occupied it under such claim since 1917.

The applicable rule which has been restated in numerous subsequent cases was announced in *Goodwin* v. *Garibaldi,* 83 Ark. 74, 102 S. W. 706, as follows: ''When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession is not adverse, and, though continued for the statutory period, does not divest title; but when he takes possession of the land under the belief that he owns it, incloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession.'' In *Caney Creek Lumber Co.* v. *Stevens,* 212 Ark. 759, 207 S. W. 2d 731, we said: ''We have frequently held that where a fence is by

mistake placed on a line other than the true boundary, adverse possession thereafter for the period of seven years, under a claim of ownership of all land enclosed by the fence, would confer title on the one in possession. (Citing cases.) Such, of course, is not the rule where the one in possession intended to claim title only to the true line.''

There is little in the evidence here to dispute the fact that appellant has been in the open, continuous, hostile and exclusive possession of the disputed strip which has been enclosed for nearly 35 years. The pertinent issue is whether he only intended to claim to the true boundary or whether he intended to claim to the hedge and fence line regardless of any mistake in the boundary line. While the testimony of appellees to the effect that appellant, in 1950, agreed to remove the hedge, if true, may be considered in determining the character of the possession during the statutory period, it would not have the effect of divesting a title that had already vested by adverse possession. *Hudson* v. *Stillwell*, 80 Ark. 575, 98 S. W. 356; *Stroud* v. *Snow*, 186 Ark. 550, 54 S. W. 2d 693. When all the evidence is considered, we are of the opinion that a preponderance thereof supports appellant's claim of title by adverse possession.

As in the recent case of *Gathings* v. *Johns*, 216 Ark. 668, 226 S. W. 2d 978, we point out that appellant's ownership extends to the center line of the hedge and gives him no right to maintain a spreading hedge extending onto appellees' lot.

The decree is reversed and the cause remanded with directions to dismiss the complaint of appellees.