### LANE *v.* QUEEN CITY MILLING COMPANY.

Opinion delivered March 11, 1899.

DEED—SUFFICIENCY OF DESCRIPTION.—Deeds relied upon by the plaintiff in ejectment, which describe the lots as follows: "Sublot block south of the original survey of the town of Jonesboro, and adjoining said survey lot No. 6, block B, lying 90 feet front on Main street, and 30 feet on Jefferson street; also lot No. 1 in block C in said sublot, south and adjoining said survey, lying 90 feet on Main street and 30 feet on Jefferson street, south of said street and east of said street,"—are sufficient to go to the jury in connection with parol testimony identifying the lots.

Appeal from Craighead Circuit Court, Jonesboro District.

FELIX G. TAYLOR, Judge.

Reversed.

#### STATEMENT BY THE COURT.

The appellee brought an action of ejectment against the appellant, and obtained a judgment for the recovery of certain town lots in the town of Jonesboro.

In the complaint the appellee claimed to deraign title by mesne conveyances from the government of the United States, and exhibited with his complaint several conveyances through which he claimed, but exhibited none from the United States. He also claimed under the seven years' statute of limitation.

The appellant denied the material allegations of the complaint, and filed exceptions to certain of the appellee's muniments of title, and admitted that he had possession of said lots and had them fenced. Appellant's exceptions to appellee's deeds were upon the ground that the deeds did not describe any lands. The descriptions in the deeds were as follows: James Pollard to Hezekiah Salmons, in which the description of the land is as follows: Sublot south of the original survey to the town of Jonesboro, and adjoining said survey, lot No. 6, block B, lying 90 feet front on Main street and 30 feet on Jefferson street. Also lot No. 1 in said sublot south and adjoining survey, lying 90 feet on Main street and 30 feet on Jefferson street, south of said street and east of said street. Deed from Hezekiah Salmons to Lemuel McGuire, describing land as follows: Sublot block south of the original survey of the town of Jonesboro, and adjoining said survey, lot No. 6, block B, lying 90 feet front on Main street and 30 feet on Jefferson street. Also lot No. 1 in block C in sublot south and adjoining said original survey, lying 90 feet on Main street and 30 feet on said Jefferson street, south of said street and east of said street. Deed from Lemuel McGuire to J. A. Meek, which describes the following land, viz: Sublot block south original town survey of Jonesboro, lot No. 6, block B, lying 90 feet on Main street and 30 feet on Jefferson street, south of said street and east of said street. The deed from J. A. Meek to R. S. Culberhouse describes the land as follows: Sublot block south of the original survey of the town of Jonesboro, and joining said survey, lot No. 6 in block B, lying 90 feet on Main street and 30 feet on Jefferson street. Also lot No. 1 of block letter C in said sublot south of and joining said original survey, lying 90 feet front on said Main street and 30 feet on said Jefferson street, south of said street and east of said street. The deed from R. S. Culberhouse to plaintiff, which was also read, described the land as follows: Sublot in block south of and adjoining lot No. 6 of the original town survey of the town of Jonesboro, in block B, also lot No. 1 in block C of said sublot,—said lot each fronting on Jefferson street, 30 feet extending back along side of Main street 90 feet, and being south of Jefferson street and east of Main street."

The court sustained exceptions to the deeds, and instructed the jury that the deeds introduced by the plaintiff did not sufficiently describe the land in controversy to convey it, to which the

plaintiff excepted. The evidence tended to show that some of the vendors of the plaintiff had at one time had possession of the lots in controversy, and had erected a small house upon them; that the possession of the lots by those under whom the plaintiff claimed had been continuous for only about five years; that the defendant was in possession at the time of the commencement of the action, claiming title under a tax deed. There was also evidence tending to show that the lots described in the deeds of plaintiff were situated south of the original survey of the town of Jonesboro, south of Jefferson street and east of Main street, fronting on Jefferson 30 feet each and running east on main street 90 feet; that plaintiff's vendors had kept taxes paid upon these lands.

*J. C. Hawthorne,* for appellant.

The deed offered in evidence did not describe the land with sufficient certainty to be entitled to be read·as evidence. 3 Ark. 18; 15 Ark. 297; 41 Ark. 495; 2 Dev. Deeds, 1010, 1020. Where no possession is taken, a deed which does not describe a tract of land is no notice of title to such land. Sedg. & W. Tr. Tit. 746-7; 45 Ark. 256; 13 Ark. 317; 9 Ark. 212.

*E. F. Brown,* for appellee.

Though a deed afford no evidence of title, if it shows the location of the property in controversy, it may be introduced for that purpose. Mart. Conv. § 92. The payment of taxes, in connection with possession by taxpayer, was competent evidence. 65 Ala. 259. A deed will be so construed as to uphold it, if possible. 99 N. C. 80; 92 Am. Dec. 352; 6 Am. St. Rep. 901; 12 *id.* 809. The possession of the successive·holders could be tacked so as to form adverse possession for seven years. 22 Am. St. Rep. 736.

HUGHES, J., (after stating the facts.) The court is of the opinion that the descriptions in the plaintiff's deeds were sufficient to identify and locate the lots to be conveyed, and ought to have gone to the jury, in connection with the parol evidence. We think that these descriptions, though awkward, taken with parol evidence, sufficiently locate the lots south of the original survey of the town of Jonesboro, south of Jefferson street and east of Main street, as extended, in said town. But the plaintiff fails in his evidence to show that he deraigns title from the government. He also fails to show that he and those under whom he claims or any

of them had had adverse possession seven years before the institution of this suit.    There is not sufficient evidence, therefore, to sustain the finding and judgment for the plaintiff (the appellee).

This is not like the case of a mere intruder without claim or color of title, against whom possession for a less period than seven years might be good and entitle the party previously in possession in good faith to recover upon such possession only.    Here the appellant was in possession, claiming title under a tax deed, which was color of title.

Reversed and remanded for a new trial.