PARKER *v.* CHERRY.

4-7857                                   193 S. W. 2d 127

Opinion delivered March 18, 1946.

*J. H. Carmichael,* for appellant.

*Luke Arnett,* for appellee.

MILLWEE, J. This suit was originally instituted in the Logan chancery court by M. B. Hardnicke, as guardian of Lena Parker, against appellees, as trustees of the estate of W. R. Cherry, deceased, to quiet title to a certain tract of land containing approximately three acres. It was alleged that Lena Parker had been in possession of the land three or four years through her tenant, and that it formerly belonged to her husband, R. C. Parker, who had by his will devised all the residue of his property to her. It was also alleged that appellees claimed title to the property by reason of an exception in the description of the land contained in a deed from R. C. Parker to appellees dated December 16, 1938. It was further alleged that the county surveyor had platted the lands and found that same were excepted in the deed and did not, therefore, pass to appellees by the deed of December 16, 1938. A copy of a plat of a survey alleged to have been made by the county surveyor on January 28, 1939, was attached as an exhibit to an amendment to the complaint.

In their answer, appellees denied generally the allegations of the complaint and claimed ownership of the disputed tract by virtue of the aforementioned deed, a copy of which was attached to and made a part of the answer. Appellees also alleged that it was the intention of R. C. Parker to convey the lands in controversy by this

deed. They prayed for a dismissal of the complaint and reformation of the deed, in the event it should be determined that the description of the disputed tract was ambiguous.

Lena Parker died February 22, 1944, and the cause was revived in the name of Arthur C. Parker, Juanita Ritchie, and Ruth Quigley, as her sole heirs at law.

The trial court entered a decree on September 6, 1945, dismissing the complaint for want of equity, and quieting the title of appellees to the tract in controversy. The decree recites that the cause was submitted on the complaint, amendment to complaint, the answer, and upon oral and documentary evidence. After the transcript was lodged in this court on appeal, appellees filed a motion to strike the testimony from the record, and dismiss the appeal, because such testimony was not properly preserved either by bill of exceptions or depositions. On January 21, 1946, an order was entered in this court sustaining the motion to strike the testimony, but denying the motion to dismiss the appeal. *Hardnicke, Guardian, v. Cherry, infra,* p. 1009, 190 S. W. 2d 521. While the cause is to be determined without consideration of the stricken evidence, we agree with the trial court that such testimony would be of little, if any, benefit in determination of the issue. We may, therefore, review the decree only for errors appearing on the face of the record which, in chancery cases, includes the pleadings and the exhibits attached thereto. *McMillan* v. *Morgan,* 90 Ark. 190, 118 S. W. 407; *Cummins Bros.* v. *Subiaco Coal Co.,* 150 Ark. 187, 233 S. W. 1075.

We agree with counsel for appellants that the only question presented is whether the three-acre tract was excepted in the deed from R. C. Parker to appellees on December 16, 1938. This deed was given in settlement of an indebtedness due from R. C. Parker to the W. R. Cherry estate which was evidenced by a mortgage executed to Cherry. The deed conveys certain lands lying in section 1, township 7 north, range 26 west, in Logan county. That part of the description contained in the

general grant of the deed before us for construction, reads as follows: "All of the northwest quarter of the southwest quarter except two. acres in the southwest corner of said forty heretofore deeded to Jones, 38 acres: *also, all of the southwest quarter of the southwest quarter, except that platted and in blocks to the Town of Paris, west of this tract and a small plat heretofore deeded to Charlie Parker and north of public road, about three acres;* . . ."

A copy of the purported survey attached as an exhibit to the amendment to the complaint is not certified in the manner provided by § 2414 of Pope's Digest, which provides that a certified copy of the record of any county surveyor shall be admitted as *prima facie* evidence in any court of record. It was not shown that the survey was made by an order of court, or upon notice to appellees, and there is nothing in the record to identify the plat. Under similar circumstances this court, in *Mooney* v. *Cooledge*, 30 Ark. 640, held a survey incompetent as evidence for any purpose.

The exception in the above description as to that property platted and in blocks in the town of Paris is not in dispute and, therefore, not an issue here. Appellants seek to quiet title to the tract excepted in the deed and described as, "a small plat heretofore deeded to Charlie Parker and North of the Public road, about three acres." It is the contention of appellants that the tract involved in this controversy was excepted from the grant under the description employed, and did not pass with the execution of the deed by R. C. Parker. Appellees contend that the description of these three acres attempted to be excepted is insufficint and void and that title, therefore, passed to them in the deed from R. C. Parker.

The legal requirements to be met in excepting a tract of land from a deed are stated in 16 Am. Jur., p. 618 as follows: "Land embraced in an exception must be described with the same definiteness and certainty that is required when describing the property granted. Conversely, that which will pass by certain descriptive words in a grant will be excepted by the same descriptive words

in an exception. However, the office of the description in an exception is not to identify the land, but to furnish the means of identification, and parol evidence may be resorted to for this purpose. If the excepted part of the tract or lot described is insufficiently described, the deed will be operative and the exception will be void so that title to the whole tract or lot will pass to the grantee.'' And in 26 C. J. S., Deeds, p. 457, § 140, it is said: ''Uncertainty of description will not render a reservation void where there is a method provided in the deed whereby it can be made sufficiently certain. If the language of the exception provides information which, when supplemented by competent extrinsic evidence, satisfactorily identifies the excepted parcel, it is sufficient.''

In the case of *Mooney* v. *Cooledge, supra,* Mooney owned a tract of land containing 147 acres and, in a deed which properly described the whole tract, he undertook to except from the operation of the deed a one acre tract which was so imperfectly described that it could not be located. It was there held (to quote a headnote): ''The same certainty of description is required in an exception out of a grant, as in the grant itself; and where a deed excepted out of the conveyance one acre of the land, and there was nothing in the exception, or evidence, to locate it upon any particular part of the tract, the exception was void for uncertainty, and the grantee took the entire tract.''

The case of *Conolly* v. *Rosen,* 144 Ark. 442, 222 S. W. 716, involved the granting clause of a deed which contained the following exception: ''Excepting also six acres in the southeast quarter of the northeast quarter of said section 18, township 3 south, of range 19 west, sold to C. C. Cooley, for a description of which reference is had to the record of the deed for the same in the office of the Recorder of Garland county, Arkansas.'' In that case the Cooley deed was offered in evidence and contained the following description: ''The fractional southeast quarter of the northeast quarter in township 3, section 18, range 19, containing six acres, more or less, in the county of Garland and State of Arkansas.'' There, this court said:

"It is quite obvious that this description is void for uncertainty, and that uncertainty is not removed by reading the two deeds together."

If it were the intention of the grantor in the instant case to except three acres north of the road in the southwest quarter of the southwest quarter, there is nothing contained in the description employed to locate the three acres in the 40 acre tract. It would be impossible to identify the lands by construction of the description contained in the deed. It appears, however, that the grantor attempted to furnish a more particular means of identification by reference to a prior deed to Charlie Parker. There is neither allegation nor proof in the record as to the contents of a deed to Charlie Parker. Appellants have not seen fit to pursue the means of identification furnished by the grantor, nor has the uncertainty of the description employed in the attempted exception been made certain by any form of supplementary proof which renders the lands capable of identification. The exception being inoperative and void for uncertainty, title to the three acre tract in controversy passed by the grant to appellees as grantees in the deed from R. C. Parker. The chancellor was correct in so holding, and the decree is accordingly affirmed.