HULL *v.* HULL.

4-7960                                              196 S. W. 2d 905

Opinion delivered October 21, 1946.

*F. O. Butt,* for appellant.

*Claude E. Fuller,* for appellee.

MINOR W. MILLWEE, Justice. Plaintiff, Lennie Hull, brought this action in ejectment against the defendants who are the children and sole heirs at law of Gully Hull, deceased, claiming title and the right of possession to approximately two acres of land in the northwest quarter, of the northeast quarter section 29, township 20 north, range 25 west, in Carroll county. King's River flows from the south line to the west line of the forty-acre tract across its southwest corner, forming a five-acre triangle. The strip in controversy is about four rods wide and extends across the south portion of the five-acre triangular tract.

The amended complaint, which was filed in response to a motion to make more definite and certain, alleges that plaintiff purchased the five-acre tract from J. C. Price and wife, by deed dated September 9, 1944, which was attached as "Exhibit A"; that J. C. Price purchased from William G. Price by deed dated January 2, 1917, which was attached as "Exhibit B"; that John Bussey and others conveyed the lands to William G. Price by deed on August 1, 1894. While the record shows that this deed was attached to the complaint as "Exhibit C," it seems to be conceded by plaintiff that it was not found until shortly before trial. It was also alleged that John Bussey and others owned and conveyed the title of all those who had title from the Federal Government down to them, but that plaintiff was unable to find deeds or records of the grantors from the government other than the conveyances exhibited to the complaint, and that such instruments had been lost or destroyed. It was further alleged that William G. Price was in adverse possession of the lands under color of title and paid taxes thereon

from the date of his purchase in 1894 until his death, which occurred soon after his conveyance to J. C. Price, and that J. C. Price had maintained possession in like manner since 1917, except that defendants had been encroaching upon the two-acre strip in controversy, but had and claimed no title thereto and were occupying and cultivating a portion of said strip permissively.

The answer denied the allegations of the complaint and excepted to the exhibits on the grounds that they were irregular in form and did not describe the lands in controversy. Defendants also claimed title by adverse possession by their father from 1903 until his death, and by the defendants since the death of their father. Trial to a jury resulted in a judgment and verdict for plaintiff.

At the trial plaintiff offered in evidence the patent from the government to J. L. Dickson dated January 1, 1850, and a deed from Dickson to Jameson Bussey. Defendants objected to the introduction of the two instruments on the grounds that they did not adequately describe the property, were not attached as exhibits to the complaint, and defendants had not had an opportunity to examine them. When the objection was made, the trial court permitted counsel for defendants to examine the instruments and the objection as to the sufficiency of the descriptions was withdrawn. The objection that the instruments were not attached to the complaint was overruled. The trial court did not commit error in overruling the objection. These instruments were at least inferentially pleaded in the complaint as lost instruments. The court would doubtless have granted defendants further time to examine the instruments, if such request had been made. It is now conceded that the two instruments properly describe the lands in controversy and defendants were in no manner prejudiced by the ruling of the court.

The trial court overruled defendant's specific objection to the introduction of the deed from John Bussey and others to William Price dated August 1, 1894, on the ground that the description in said deed was inadequate to convey title. This description is as follows: "Part of northwest quarter of the northeast quarter, section 29,

township 20 north of range 25 west, commencing northeast corner of said forty, run south to a center cross fence, thence west with said fence on west to Starks, said line run west containing 38 acres, more or less.'' The contention of defendants that the description is insufficient to identify the lands in controversy must be sustained. It would be impossible to identify the lands in controversy by the description employed. Plaintiff insists, however, that the word ''except,'' before the word ''commencing'' was inadvertently omitted by the scrivener, and should be read into the deed. But if we supplied this alleged deficiency in the wording of the deed, the lands could not be located without resort to some form of supplemental proof to explain the means of identification employed by the grantor. *Parker* v. *Cherry*, 209 Ark. 907, 193 S. W. 2d 127. In 28 C. J. S. Ejectment, § 92, p. 968, it is said: ''Where the description in a grant, deed or conveyance is insufficient to identify the premises covered thereby with the premises in controversy, such identity must be shown by other evidence, and when this is done the deed or patent is admissible.'' Plaintiff failed to offer such proof and the description was inadequate. Since the instrument was ineffective to convey title, it was, therefore, inadmissible to establish a link in the record title plaintiff was seeking to establish by its introduction without resort to other evidence to identify the lands. *Lane* v. *Queen City Milling Co.*, 66 Ark. 646, 50 S. W. 274.

It is argued by plaintiff that those from whom he obtained title had been in peaceable and adverse possession of the lands under color of title and payment of taxes since August 1, 1894, and that such possession vested title. While this allegation was made in the complaint, the burden was upon plaintiff to establish it. J. C. Price testified that he had paid taxes on the lands since his purchase from William Price in 1917. No proof was offered showing the nature or extent of the possession of William Price. The substance of the testimony of J. C. Price was that defendants were in actual possession of, and cultivating, a greater portion of the lands in dispute from the date of his purchase in 1917. He also testified

that there was considerable controversy over the disputed tract during this period, but that defendants were permitted to occupy the lands until a survey was made. Plaintiff has not occupied the lands since his purchase from J. C. Price in 1944, nor did he cultivate the disputed tract during a period of 4 years that he rented from Price prior to his purchase. We think the proof is insufficient to show that plaintiff and those under whom he claims title have been in peaceable and adverse possession of the lands under color of title since 1894.

It is insisted by defendants that there was no substanial evidence to show that their possession and cultivation of the lands was permissive, and that the trial court erred in submitting the issue of adverse possession to the jury. While the evidence adduced on this issue is not entirely satisfactory, we are unable to say that the verdict is without substantial evidence to support it. Plaintiff had the lands surveyed, after giving defendants proper notice, following his purchase of the lands in 1944. The surveyor testified that Gurnie Hull, one of the defendants, assisted in making the survey, designated the starting point from which it was made and made no objection to the survey. This was a circumstance which the jury might consider in determining whether the cultivation and possession of the lands by defendants was permissive, as contended by the plaintiff, instead of adverse.

In support of his contention that the possession by defendants was permissive, plaintiff offered to prove certain statements made by Gully Hull while he was cultivating the lands tending to show that such cultivation was by permission of J. C. Price until a survey could be made. Defendants' objection to this testimony was sustained. In view of a retrial of the case, we think it appropriate to say that this testimony was competent and should have been admitted. The declarations and admissions of one while in possession of land, which tend to show that his holding was not adverse, are admissible in evidence to prove the fact. 2 C. J. S. Adverse Possession, § 221, p. 826. In *Norden* v. *Martin,* 202 Ark. 180, 149 S. W. 2d 550, this court reaffirmed the rule laid

down in the case of *Russell* v. *Webb,* 96 Ark. 190, 131 S. W. 456, as follows: "It is well settled that declarations and admissions of one in possession of land, relating to the title thereof and adverse to his interest, are admissible against him; and declarations and admissions of a person made while in possession, adverse to his title are admissible against his successors in interest and all who claim under him." See, also, *England* v. *Scott,* 205 Ark. 47, 166 S. W. 2d 1014.

On account of the error in admission of the deed from John Bussey and others to William G. Price without other evidence to identify the lands under the description employed in the deed, the judgment is reversed, and the cause remanded for a new trial.