## GOODWIN *v.* GARIBALDI.

### Opinion delivered May 20, 1907.

ADVERSE POSSESSION—POSSESSION UNDER MISTAKE.—When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession beyond such boundary is not adverse; but when he takes possession of the land under the belief that he owns it, and holds it continuously under claim of ownership without recognition of the possible right of another thereto on account of mistake in the boundary line, such possession is adverse, and when continued for the statutory period will divest the former owner's title.

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*James Coates* and *W. S. McCain,* for appellants.

Defendant's plea of limitation should have been sustained. The land was bought in 1884, and from the time of its acquisition the Cunninghams and appellants have kept it enclosed and in cultivation asserting legal title thereto. 59 Ark. 628; 77 Ark. 203; 80 Ark. 444; 75 Ark. 400; 120 U. S. 544; 38 Ark. 181.

*J. W. Blackwood,* for appellees.

The plea of limitation was properly overruled. There was no intention or effort on the part of Cunningham to claim beyond the line of his purchase; if he went beyond that line, it was by mistake, and not with intention to take that which was not his own. If a person holds by mistake in good faith, but without intending to hold adversely to the true owner, such holding will not ripen into title, however long it may continue. 59 Ark. 628; 77 Ark. 201; 72 Ark. 498; 80 Ark. 444.

RIDDICK, J. This is a suit in equity brought by Vivian Garibaldi against Emma C. Goodwin and others to define and establish the boundaries between land of plaintiff and that of defendants. The land owned by plaintiffs is described as lot 3 of Clement's subdivision, and contains about 2.40 acres as shown on the plat of that subdivision. Immediately south of the land owned by plaintiff is Cunningham's Addition to the city of Argenta. The lots owned by the defendant are in this addition.

The Cunningham tract was bought by him and his brother in 1884. They inclosed it with a fence in the summer off that year, and kept it inclosed continually up to the fall of 1892. The fence was removed then for the reason that they had laid off and platted the land into town lots as an addition to Argenta. Since then a number of these lots have been sold, and they are now held by the defendants in this action. The Cunningham tract, as claimed by him, overlapped the land now claimed by plaintiff a little over twenty feet. The lots sold by the Cunninghams to Emma Goodwin, one of the defendants, are on that part of the tract adjoining land of plaintiff, and one of these lots overlaps the land claimed by plaintiff, and the residence of Mrs. Goodwin on the lot is, according to the contention of plaintiff, partly on her land. Both plaintiff and defendant claim the ownership of this strip of land, but we do not deem it necessary to go into a discussion of the facts on which they base their respective claims. We may assume that the finding of the chancellor in favor of plaintiff on this point was correct, but we are of the opinion that the right of the plaintiff to recover has been barred by the statute of limitations. The Cunninghams, under whom the defendants claim title, held actual possession of this land continuously under claim of title adverse to that of the plaintiff for more than eight years. When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such posesssion is not adverse, and, though continued for the statutory period, does not divest title; but when he takes possession of the land under the belief that he owns it, incloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in

the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from posses-sion. *Shirey* v. *Whitlow,* 80 Ark. 444; *Wilson* v. *Hunter,* 59 Ark. 528; 1 Cyc. 1038 and cases cited.

Now, in this case there does not seem to be a simple mis-take of boundary lines and possession by defendants brought about through that mistake. There is an adverse claim to this strip of land, based on facts that have nothing to do with the adverse possession. This claim and the other facts in proof convince us that the possession and claim of the Cunninghams and those holding under them to this land was adverse, and not con-ditioned on the fact that there was no mistake as to the boundary lines. The facts seem to us to make out a strong case for the defendants. The Cunninghams bought and, as before stated, took actual possession of the land in 1884. After they had held it for eight years, they laid it off into town lots and subsequently at different times sold it to the other defendants, and some of these parties have made valuable improvements thereon. It lacked only a month or two of being twenty years after the Cunninghams took possession before this action was brought by plaintiff to define and establish the boundaries and establish her right to the land. The law of this case was aptly stated in an early case in an opinion by Judge Rose. "The statute of lim-itations," he said, "is made to cut off stale claims. The law wisely holds that there shall come a time when even the wrong-ful possessor shall have peace; and that it is better that ancient wrongs should go unredressed than that ancient strife should be renewed." *Cunningham* v. *Brumback,* 23 Ark. 336. We are of the opinion that the plaintiff has delayed too long, and that by lapse of time and the statute of limitations the title of the de-fendants to this land has now become established, and the bound-ary must remain as we find it: *Fletcher* v. *Fuller,* 126 U. S. 544-548.

Judgment reversed and cause remanded with an order to dismiss complaint for want of equity.