COUCH *v.* ADAMS.

Opinion delivered March 2, 1914.

ADVERSE POSSESSION—INTENTION—QUESTION FOR JURY.—Appellant purchased property believing the boundary to be as described by his grantor. He built a fence accordingly and maintained possession continuously after that date for over seven years. In an action by appellee to recover a strip of the land occupied by appellant, *Held*, error to take the case from the jury and declare as a matter of law that appellant had not acquired title by adverse possession. *Goodwin* v. *Garibaldi*, 83 Ark. 74; *Bayles* v. *Daugherty*, 77 Ark. 201.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*A. J. Newman,* for appellant.

If appellant was mistaken as to the true line, yet in good faith inclosed the strip in controversy, believing it to be his own, and held it continuously for seven years openly, peaceably and adversely, claiming it as his own, his possession ripened into title. 59 Ark. 626; 100 Ark. 71; 100 Ark. 555; 101 Ark. 409.

The court, therefore, erred in refusing to submit the question of adverse possession to the jury. 87 Ark. 170; ·*Id.* 496; 90 Ark. 150; 104 Ark. 274.

*Locklar & O'Daniel,* for appellees.

There was no issue of fact for the jury's determination. Appellant's own testimony shows that he was holding possession under a mistake, with the intent of claiming only what his deed called for. 59 Ark. 626, 628; 72 Ark. 498. The legal sufficiency of the evidence is a question of law for the court's determination. 57 Ark. 461.

McCULLOCH, C. J. Plaintiffs and defendant own adjoining tracts or lots of land in the city of Little Rock, and this controversy involves the title and right to pos-

session of a strip about twelve feet wide on the boundary between their respective lots.

The undisputed testimony shows that the strip in controversy is situated within the boundaries of the lot described in plaintiffs' deed, but the defendant claims title by adverse possession for a period of more than seven years before the commencement of this action.

Defendant purchased his lot, and the same was conveyed to him, on June 15, 1904, and the agent of his grantor, at the time of said conveyance, went with defendant to the property and staked off what he asserted to be the boundaries. A short time thereafter defendant built a fence on the boundary thus staked off, and has continuously maintained the fence to the present time. When he enclosed the lot he established a lumber yard thereon, and several years thereafter built his home there. The enclosure was put around the lot about eight years before the institution of this action.

Plaintiffs purchased the adjoining lots and received a deed therefor December 26, 1911. They subsequently caused a survey to be made, which developed the fact that defendant was occupying the strip in controversy, which was twelve feet over his boundary, and plaintiffs instituted this action in June, 1912, to recover possession.

The only question in the case is whether or not defendant has acquired title by adverse possession.

He testified that when he purchased his lot he knew nothing about the boundaries, but accepted the statement of the agent who showed him the boundary and staked it off. He testified that he accepted that as the true boundary, built his fence accordingly, and has maintained possession continuously since that date. He testified further that he always claimed it as his property, believing that the agent had correctly marked off the boundaries.

The court refused to submit to the jury the question of adverse possession, as requested by defendant's counsel, but, at the request of plaintiffs, gave a peremptory

instruction to the jury to return a verdict in favor of plaintiffs.

We are of the opinion that the court erred in refusing to submit the question of adverse possession and in giving the peremptory instruction in plaintiff's favor. The following is the law on this subject, which has been repeatedly announced and adhered to by this court:

"When a land owner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession is not adverse, and, though continued for the statutory period, does not divest title; but when he takes possession of the land under the belief that he owns it, incloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession." *Goodwin* v. *Garibaldi,* 83 Ark. 74.

There are numerous other cases in which this same rule has been announced.

In *Bayles* v. *Daugherty,* 77 Ark. 201, we reversed the case on account of certain instructions given by the trial court, and, in laying down the law, said:

"The jury might have understood, and doubtless did understand, that if defendant's grantor, at the time he took possession of the disputed strip of land, labored under a mistake as to the true boundary, and had no intention of taking that which was not his own, the plea of adverse possession could not be sustained, even though he intended to hold the strip as his own. This is not the law. The question of the good or bad faith of the transaction, or the intention of the party taking possession of land, is not material, provided the intention is to take and hold possession adversely. If the intention is to hold adversely, the statute runs, regardless of any mistake as to boundary or title. If the holding be not hos-

tile, but in subordination to the rights of the true owner whenever asserted, recognizing the possibility of a mistake, then the statute does not run, because the holding under those circumstances is not adverse.''

Tested by the principles thus announced, the ruling of the trial court in this case was erroneous. The judgment is, therefore, reversed and the cause remanded for a new trial.