WATERS *v*. MADDEN.

4-5303                                                      122 S. W. 2d 554

Opinion delivered December 19, 1938.

*Joseph Callaway*, for appellant.
*J. H. Lookadoo*, for appellee.

McHANEY, J.   Appellants own the east half of the southeast quarter of the southeast quarter of section 30, township 6 south, range 20 west, and appellee owns the west half of the same description.   This litigation grows out of a difference of opinion as to the proper division line between their respective tracts of land.   At the time appellants purchased their land in September, 1936, it, with other land purchased by them, was enclosed with a fence.   Thereafter, appellee purchased the west half of southeast southeast of 30, had the line between him and appellant surveyed by the county surveyor, which survey showed the west line of appellants' fence to be on appellee's property 54 feet on the south side and 194 feet on the north side, the fence running from a point 54 feet west of the southwest corner of appellants' tract in a

northwesterly direction to a point 194 feet west of the northwest corner of their tract. This fence was built by one Golden, appellants' grantor, who purchased from Missouri State Life Ins. Company in 1929, and he estimated where the proper line was by stepping it off. Appellee, after the survey, started tearing down the division fence with the view of replacing it on the proper line, when he was temporarily enjoined by the action of appellants in bringing this action. Trial resulted in a decree for appellee, dismissing the complaint of appellants for want of equity, and in establishing the division line in accordance with the survey made at the instance of appellee by the county surveyor.

For a reversal of this decree two arguments are made: 1. Was the last survey made by the surveyor correct; and 2. If so, does the testimony establish title in appellants by adverse possession.

1. There were two surveys made of this division line. The surveyor testified that he was not satisfied with his first survey, and went back and ran the line a second time; that on this second survey he used as a starting point a big gum tree which is shown on the government field notes as a starting point, and he is satisfied that the second survey is correct. The trial court accepted this testimony. It is undisputed, and we see no reason to disregard it. Assuming that appellee had the burden of showing the correctness of this survey, we think at least a *prima facie* case was made.

2. As to the adverse possession of appellants, it is true their land has been under fence for more than seven years. Neither appellants nor their grantor ever had the land surveyed. They owned 50 acres in one body—this 20 and 30 acres in an adjoining section. They refused to join with appellee in the survey made by him, but said they were satisfied with the line as shown by the fence. Golden testified that he claimed only the 20 acres called for in his deed, as to this particular tract. The fence was built by estimate made by stepping off distance from another point. Appellee testified that he bought his land in December, 1937, and thereafter had a talk with Mr. Waters on Christmas Eve day, and told

him he thought the fence was over the line on this land, and that Waters told him to go ahead, have the survey made, and "if it wasn't on the line he wanted it on the line. 'Q. Did he tell you what he wanted done about it if the line wasn't right? A. Yes, sir, he said if the fence wasn't on the line he wanted it on the line, and if he had any of my land fenced up he wanted me to have it.'" Appellee was corroborated by two witnesses who heard the conversation between the parties on Christmas Eve; 1937.

The rule laid down in *Goodwin v. Garibaldi,* 83 Ark. 74, 102 S. W. 706, and quoted with approval in *Couch v. Adams,* 111 Ark. 604, 164 S. W. 728, is: "The following is the law on this subject, which has been repeatedly announced and adhered to by this court:

"'When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession is not adverse, and though continued for the statutory period, does not divest title; but when he takes possession of the land under belief that he owns it, incloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession.' *Goodwin v. Garibaldi,* 83 Ark. 74, 102 S. W. 706."

We, therefore, hold that the evidence was ample to justify the trial court in finding and holding that the possession of appellants and their grantor was through error in establishing the division line, and that they intended to claim only to the true boundary, and that such holding was not adverse.

The decree is, accordingly, affirmed.