HULL *v.* HULL.

4-8324                                                  205 S. W. 2d 211

Opinion delivered November 10, 1947.

*Festus O. Butt,* for appellant.

*Claude A. Fuller,* for appellee.

MINOR W. MILLWEE, Justice. The facts and issues in this case are set forth in the opinion rendered on a former appeal in *Hull* v. *Hull,* 210 Ark. 539, 196 S. W. 2d 905. Appellee, Lennie Hull, purchased a five-acre tract of land from J. C. Price in 1944 and the description in his deed embraced the two-acre tract in controversy. Appellants, who are the sons and heirs at law of Gully Hull, deceased, had been cultivating most of the two-acre strip for a number of years. Appellee brought an action in ejectment to establish his title and right to possession of the disputed tract. A verdict and judgment for appellee was reversed on the former appeal. On a retrial of the issues appellee has again prevailed and this appeal follows:

On the former appeal the judgment was reversed on account of error in the admission of a deed from the heirs of Jameson Bussey to W. G. Price executed in 1894. This deed was offered by appellee to establish a link in his chain of title from the government. The description employed in the deed was held to be insufficient to identify the lands in the absence of supplemental proof establishing such identity, and in the absence of a showing that

W. G. Price was in peaceable and adverse possession of the lands for a sufficient length of time to vest title in him, as appellee had alleged in his complaint. We also held in the former opinion that error was committed by the trial court in refusing to admit statements made by Gully Hull tending to show that his cultivation of the lands in controversy was permissive pending a survey of the lands.

Following our decision on the first appeal J. C. Price filed a petition in chancery court to confirm his title to the lands conveyed to him by his father in 1917, along with other lands. Appellants intervened in the confirmation suit, but this intervention was later withdrawn. A decree was entered April 18, 1946, confirming the title of J. C. Price in the lands conveyed to him by his father. The decree recites that J. C. Price obtained title to the lands conveyed to him by his father, W. G. Price, and the lands in controversy were properly described in the 1917 deed from W. G. Price to J. C. Price, which was introduced as a link in appellee's chain of title. While there could be no confirmation of title in J. C. Price to the tract which he had conveyed to appellee, the decree shows that the five-acre tract deeded to appellee by J. C. Price was carved out of the 38-acre tract which the latter acquired from his father. The effect of the confirmation decree was to cure the defective description in the deed from the heirs of Jameson Bussey to W. G. Price in 1894, and the decree was properly admitted in evidence for this purpose.

There was also testimony on the second trial showing that W. G. Price was in possession of and paying taxes on the lands in controversy in 1894 and for 10 or 15 years thereafter, and before Gully Hull and appellants began cultivating a portion of the lands. Appellee relied on this possession, as well as the 1894 deed, in support of this link in his chain of title. This proof of adverse possession of W. G. Price was sufficient to support his claim of title irrespective of the validity of the deed from the heirs of Jameson Bussey.

Appellants insist, as they did on the former appeal, that a verdict should have been directed in their favor because there was no substantial evidence to show that the long continued cultivation of the lands by them was permissive instead of adverse. Appellee having established his record title to the lands in controversy, the burden rested on appellants to establish their claim of adverse possession by a preponderance of the evidence. *Brown* v. *Bocquin*, 57 Ark. 97, 20 S. W. 813; *McConnell* v. *Day*, 61 Ark. 464, 33 S. W. 731. Appellants offered no testimony in support of their claim of adverse possession, but relied upon the testimony offered by appellee on this issue.

J. C. Price testified that he was plowing the lands in controversy about 25 or 30 years ago when he and Gully Hull became engaged in an altercation over the boundary line of their adjoining lands. W. G. Price and Andy Hull, father of appellee, appeared and it was agreed that the lands would be surveyed and that each party would abide by the line to be established by the survey. Arlos Webb testified that he had heard each of the appellants state on several different occasions that they were holding and cultivating the strip of land in controversy until a survey was made. It is true that this testimony is somewhat weakened by other evidence showing that the parties continued to quarrel over the land lines, but the credibility of all the testimony was for the jury's determination. The intent of appellants in holding and cultivating the lands was a matter to be determined by the jury from all the facts and circumstances. If appellants cultivated the lands by mistake and with the intent to claim only to the true boundary, which was to be determined by a future survey, their possession was permissive and not adverse. If, on the contrary, they intended to claim it as their own without recognition of any right in the record owners, their title by adverse possession was complete. *Goodwin* v. *Garibaldi*, 83 Ark. 74, 102 S. W. 706; *Waters* v. *Madden*, 197 Ark. 380, 122 S. W. 2d 554. The admission and statements of appellants and their father were circumstances which the jury might consider, along with all the other facts and circumstances,

in determining the real intention of appellants, and constituted sufficient evidence to support the verdict reached on the issue of adverse possession.

.Appellants also contend that error was committed when the trial court, while instructing the jury, stated that he had refused to grant the request of appellants for a directed verdict in their favor. Requests for directed verdicts are frequently made and acted upon in the presence of the jury. The statement of the court, though inappropriate, did not in our opinion constitute prejudicial error calling for a reversal of the judgment.

Affirmed.