HICKEY *v.* FAUCETTE.

4-8724

217 S. W. 2d 253

Opinion delivered February 7, 1949.

*Talley & Owen* and *Robert L. Rogers II,* for appellant.

*Warren E. Wood* and *Griffin Smith, Jr.,* for appellee.

ED. F. McFADDIN, Justice. This is a boundary line dispute between neighbors. Mrs. Faucette owns lot 4, and Mrs. Hickey owns the west half of lot 5 lying south of lot 4. The property in dispute is a strip off of the north side of lot 5, being six inches wide at the west and two inches wide at the east.

The evidence shows that prior to 1908 there was a fence on the south side of the disputed strip; when the fence became in disrepair, Mrs. Faucette removed it, and placed a hedge on the same line where the fence had been, and for more than seven years has held adverse possession up to the hedge. She testified: "I intended for the hedge to be the true boundary line. . . . I counted the hedge the line. . . . I am sticking to the hedge. . . . I put it there for the line. . . . I put it there because I intended for it to be there."

In short, Mrs. Faucette definitely established that she was all the time claiming adverse possession of the disputed strip, regardless of the surveyor's line.

The applicable rule of law was well stated by Mr. Justice RIDDICK in *Goodwin v. Garibaldi*,[1] 83 Ark. 74, 102 S. W. 706:

"When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession is not adverse, and, though continued for the statutory period, does not divest title; *but when he takes possession of the land under the belief that he owns it, encloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession.*" (Italics supplied).

---

[1] Recent cases following the Garibaldi case are: *DeWeese v. Logue*, 208 Ark. 79, 185 S. W. 2d 85; *Martin v. Winston*, 209 Ark. 464, 190 S. W. 2d 962; *Hull v. Hull*, 212 Ark. 808, 205 S. W. 2d 211; *Pitts v. Pitts*, 213 Ark. 397, 210 S. W. 2d 502; *Lollar v. Appleby*, 213 Ark. 424, 210 S. W. 2d 900.

562

Testimony on behalf of the appellee brings the case within the purview of the italicized portion of the above quotation. The Chancery Court so found and decreed. Affirmed.

The Chief Justice not participating.