CARTER v. ROBERSON.

4-8745                                                    217 S. W. 2d 846

Opinion delivered February 28, 1949.

*Gordon Armitage,* for appellant.

*Yingling & Yingling,* for appellee.

ED. F. McFADDIN, J. This is a boundary line dispute between neighbors. The properties are adjoining; appellants own west, and appellees own east, of the line. Appellees purchased from Arthur West in 1940, and appellants purchased from Alfred Angel in 1943. In 1947, appellees had a surveyor to establish the line as described by the deeds, and ascertained that the appellants' driveway, garage and garden fence encroached 6 feet and 11 inches east of the surveyed line, and to that extent invaded appellees' property. Thereupon appellees filed this suit in the Chancery Court to compel appellants to remove the driveway, garage and fence. The trial resulted in a decree granting appellees the prayed relief; and this appeal challenges the correctness of that decree.

The applicable law has been many times stated by this court. In *Goodwin* v. *Garibaldi,* 83 Ark. 74, 102 S. W. 706, Mr. Justice RIDDICK, speaking for the court, said: "When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession is not adverse, and, though continued for the statutory period, does not divest title; *but when he takes possession of the land under the belief that he owns it, encloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession.*" (Italics·supplied.)

Recent cases following the Garibaldi case are: *De-Weese* v. *Logue,* 208 Ark. 79, 185 S. W. 2d 85; *Martin.*v. *Winston,* 209 Ark. 464, 190 S. W. 2d 962; *Hull* v. *Hull,* 212 Ark. 808, 205 S. W. 2d 211; *Pitts* v. *Pitts,* 213 Ark.

379, 210 S. W. 2d 502; *Lollar* v. *Appleby,* 213 Ark. 424, 210 S. W. 2d 900; and *Hickey* v. *Faucette, ante,* p. 560, 217 S. W. 2d 253.

We come then to the evidence in the case at bar. Appellants' grantor, Alfred Angel, testified that he purchased his property from Watkins in 1915 when it was a vacant lot; that there was no fence on the east side of the property, but that Watkins pointed out the east line; and Angel built on such line a garden fence, and in 1918 constructed the garage at its present location, and a short time later constructed the driveway from the street to the garage; and that he all the time understood and claimed that the garden fence, garage and driveway were his east line. Thus, Angel's evidence showed actual possession continuously from 1918 to the present; and nothing in the record disproved such testimony.

The only question is whether such possession by Angel was adverse so as to bring the case within the rule of the italicized portion of the quotation from the Garibaldi case, or whether his possession was not adverse so as to bring the case within the rule of the unitalicized portion of the same quotation. Appellees' grantor, Arthur West (called as a witness by appellee), testified that in 1936 he had the property line surveyed, and learned that Angel's garage encroached about seven feet on West's property. He was asked why he made no effort to recover his property from Angel. This is the testimony:

"A. I was a little hard on finances, and I didn't have money to throw away and I didn't need the property. Q. You could tell from what Mr. Angel said it didn't set well with him? A. I saw he wasn't going to give it up without a struggle, and I didn't want to go to any expense at that time; I wasn't able. Q. And you wanted to get along with him? A. Yes, sir, I wasn't pushed for the ground. Q. That was about—when was it . . . 1936? A. Yes, sir. Q. And you sold the property to Roberson? . . . In 1940? A. Yes, sir."

West was interrogated concerning Angel's possession in 1936 and his claim to the extent of the driveway, garage and garden fence: "Q. You knew by that he was claiming the line to be along there? A. He didn't say whether he was or not. Q. It was enough you didn't go any further with it? A. Like I say, I wasn't crowded for room. Q. You took that to be a claim he was going to claim the garage and fence would stay where they were regardless of the line? A. I understood it that way, yes, sir."

The evidence also shows that for some time after 1936 West paid Angel's tenant rent money in order to be allowed to use the garage that encroached on West's property. Thus, in 1936, at all events, notice was brought to West that Angel was claiming adversely, yet no suit was filed until 1947. Carter purchased from Angel in 1943, and testified that, regardless of the surveyed line, he all the time understood and claimed the property to extend to and include the driveway, garage and garden fence.

An examination of all of the testimony—much of which is not set out in this opinion—convinces us that the claim by appellant, that he and his predecessor in title had adversely held the driveway, garage and line of the garden fence for more than seven years; was established by a preponderance of the evidence. The decree of the Chancery Court is therefore reversed, and th cause remanded with directions to enter a decree in accordance with this opinion.