GATHINGS *v.* JOHNS.

4-9091

226 S. W. 2d 978

Opinion delivered February 20, 1950.

*James E. Hyatt, Jr.,* and *A. F. Barham,* for appellant.

*Graham Sudbury,* for appellee.

LEFLAR, J. Plaintiff Johns sued to enjoin defendant Gathings from trespassing on a strip of land approximately eighteen inches wide and 200 feet long which lies along the north side of plaintiff's residence property where it adjoins defendant's farm. Plaintiff also asked that title to the strip of land be quieted in him. The Chancery Court gave plaintiff the relief which he sought, and defendant appeals.

Plaintiff's house was built on a corner lot in Luxora. The lot originally had a 105-foot frontage on Main St., and a 200-foot depth. One Bowen owned the adjoining area at the north edge of plaintiff's lot, 25 feet wide and 200 feet deep, and he in 1926 sold this 25-foot lot to plaintiff. The purchase gave plaintiff a total frontage of 130 feet on Main St. At once upon acquiring the 25-foot lot in 1926, plaintiff put out a hedge on the north edge of it, on a line which he and the owner of the adjacent land took to be their boundary. The hedge extended back about 75 feet from Main St.; a fence was put up along the rest of the 200-foot length of the north side of the lot. The hedge continued in place until 1944, by which time it had apparently spread out so much that

it covered up several feet of the adjoining farm land on the north of it.

This adjoining land on the north was in 1943 purchased by defendant Gathings. Gathings in 1944 cut down the hedge. Also in 1944 Gathings with some of his employees undertook to measure off the 130-foot front of plaintiff's residence lots, and called plaintiff out of his house to watch them do so. At this time they put in some iron pipes to mark the boundary as they measured it. The defendant introduced testimony to the effect that the plaintiff then agreed that the line they marked should be their boundary; the plaintiff's testimony denied any such agreement. The strip between this new line and the center of the hedge and continuing fence—about 18 inches wide—is the land now in dispute.

Plaintiff's possession of the strip of land from 1926 to 1944 was ample to make him owner of it, regardless of paper title, if the possession was adverse. Defendant contends that it was not adverse, on the theory that plaintiff intended to claim only to the true boundary, wherever that was, and was not claiming unconditionally the ownership of the land up to the center of the hedge and the fence. See *Wilson v. Hunter*, 59 Ark. 626, 28 S. W. 419; 43 Am. St. Rep. 63; *Goodwin v. Garibaldi*, 83 Ark. 74, 102 S. W. 106. Plaintiff gave testimony that his claim was unconditional and that his possession was under absolute claim of title. It is true that he said he only claimed what he bought, and added, ''I don't rob nobody and don't steal nobody.'' But at the same time he was very specific in asserting that he had bought up to the center of the hedge and that he had never at any time recognized a possibility that the line might be anywhere else. Other testimony substantially supported that of the plaintiff. We cannot say that the Chancellor's finding of fact, to the effect that plaintiff held adverse possession of the strip, is contrary to the preponderance of the evidence. Comparable recent cases include *Hickey v. Faucette*, 214 Ark. 560, 217 S. W. 2d 253; and *Carter v. Roberson*, 214 Ark. 750, 217 S. W. 2d 846.

670

Defendant also contends that plaintiff is bound to the line laid off in 1944 because he agreed to it. This is on the theory that "where there is doubt or uncertainty or a dispute has arisen as to the true location of a boundary line, the owners of the adjoining land may, by parol agreement, fix a line that will be binding upon them." *Furlow* v. *Dunn,* 201 Ark. 23, 144 S. W. 2d 31; *Peebles* v. *McDonald,* 208 Ark. 834, 188 S. W. 2d 289. Plaintiff flatly denied that he made any such agreement, and there is other evidence that he did not. Again we cannot say that the Chancellor's finding in the plaintiff's favor is contrary to the preponderance of the evidence.

It should be pointed out that a determination that plaintiff owns the land to the center line of the old hedge gives him no right to maintain a spreading hedge extending over and onto the defendant's adjoining land. His boundary stops sharply at the line fixed by the Chancellor's decree.

That decree is affirmed.