PARSLEY *v.* FREEMAN.

5-1802                                                  321 S. W. 2d 759

Opinion delivered March 16, 1959.

*Charles F. Cole,* for appellant.

*Carmack Sullivan* and *Gus Causbie,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit by appellees to quiet their title to a strip of land lying along the boundary line between their property and that of appellant. The Chancellor granted the relief sought. It is now contended by the appellants that "Appellees have a full and complete remedy at law for the relief sought, and a court of equity will not interfere when such is the case."

The objection now urged was not made in the trial of the case. The first mention of this objection is contained in appellants' brief on appeal.

The establishment of disputed boundaries has been from an early period of English jurisprudence a proper subject for the exercise of equity jurisdiction. It has been uniformly held, however, that the mere fact that boundaries are in dispute is not of itself sufficient to authorize the interference of equity; and that courts of equity will not interpose to ascertain and settle boundaries unless, in addition to the confusion and dispute over the boundaries, some peculiar equities are shown. Story Eq. Jur. (13th Ed.) Sections 620-623; 3 Pom. Eq. Jur. Sections 1348-1385; Tiedman, Eq. Jur. Section 525. Those peculiar equities are to be found in the facts of this case. *Deidrich* v. *Simmons,* 75 Ark. 400, 87 S. W. 649. Here the objection is clearly too late. *Green* v. *Garrett,* 225 Ark. 311, 280 S. W. 2d 905.

Appellants further contend that ''The evidence is insufficient to establish title by adverse possession in appellee.''

A careful review of the evidence reflects: that appellees went into possession of the disputed land in December 1937 and paid taxes on it since that date, continued in peaceable, uninterrupted, and adverse possession of it until May 1957, at which time appellants tore down and destroyed a fence between the property of the parties and entered upon and built another fence encroaching upon the lands claimed by appellees; that for upwards of 30 years before the encroachment by the appellants, the division line between the lands owned by appellees and the lands of the appellants had been marked by this fence; that this fence had been placed there by agreement on a line agreed upon by appellee and the predecessors in title of the appellants; and that appellees never knew of any claim to the encroached land by appellants until shortly before the appellants tore down the division fence and moved it.

In reaching the following conclusion we are not unmindful of appellants' contentions and their excellent brief supporting them, but a fact question is involved and we cannot say the Chancellor's findings are not supported by the weight of the evidence.

See the adverse possession rule relative to boundaries announced by this court in: *Ferguson* v. *Peden*, 33 Ark. 150 (which was more specifically announced in *Wilson* v. *Hunter*, 59 Ark. 626, 28 S. W. 419, 43 Am. St. Rep. 63, and more recently announced in *Gathings* v. *Johns*, 216 Ark. 668, 226 S. W. 2d 978).

Affirmed.