**Frederic G. GANNON, Clair H. Gannon, Jr., and Fayetta Mary Gannon, Appellants,**

v.

**David BYWATERS and Dorothy Bywaters, Appellees.**

No. 05–82–01271–CV.

Court of Appeals of Texas, Dallas.

Jan. 3, 1984.

Rehearing Denied Feb. 7, 1984.

F. Ward Steinbach, Frederic G. Gannon, Dallas, for appellants.

Robert F. Henderson, Allen, Knuths & Cassell, Dallas, for appellees.

Before STOREY, SPARLING and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal by Frederic G. Gannon, Clair H. Gannon, Jr., and Fayetta Mary Gannon ("the Gannons"), plaintiffs in the trial court, from a judgment in favor of the appellees, David Bywaters and Dorothy Bywaters ("the Bywaters"), defendants in the trial court. For the reasons below, we reverse the judgment.

■ Because the Gannons raise a sufficiency point, a review of the facts in this case is necessary. The Bywaters did not timely file a brief in this court. Therefore, under TEX.R.CIV.P. 419; *B.__J.__M.__ v. Moore,* 582 S.W.2d 619 (Tex.Civ.App.—Dallas 1979, no writ); and *In re Salinas,* 530 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1975, no writ), we may accept the facts as set out by the Gannons in their brief. In 1936, the Gannons' parents bought a lot in the City of University Park, Dallas County, Texas. Although in error, the Gannons thought that a thick hedge that stood seven feet to the north of the deed lines as staked on the east end of the Gannons' lot constituted the northern boundary of their property. The disputed property is the seven feet just south of the north hedgeline.

The Gannons built their home on the lot in 1941. From that time until 1980, the Gannons claimed all of the property up to the north hedge line. They maintained the hedge and clipped, preserved, watered, and nurtured it. They also maintained and used the ground within seven feet south of the hedge. In 1955, the Bywaters moved on to the lot that borders the north side of the Gannons' property. From 1955 until 1978 the Bywaters did nothing to lay claim to the property seven feet south of the hedge line. In 1978, David Bywaters showed Frederic Gannon a copy of the plat prepared by his surveyor showing the location of the old hedge line to the north of the south line of the Bywaters property as shown in their deed. But even then, David Bywaters was just trying to be friendly and straighten out the matter. It was not until June of 1980 that the Bywaters cleared out the area, cut down trees and bamboo, and erected a fence on the disputed property line, laying hostile claim to the land. Before that time, the testimony, as stated by the Gannons' brief, reflects that David Bywaters said his sons had cleaned out the area, but his son, David Bywaters,

Jr., said that all he did was trim and never cut anything down. The other son, Branson Bywaters, also said that they cleaned out the area in spring and fall and then periodically on the weekends from 1962 onward.

In their first point of error, the Gannons argue that the trial court erred in granting judgment for the defendants (the Bywaters) because there is no evidence whatsoever in the record to support the jury's negative answer to Special Issue No. 1. Special Issue No. 1 asked if the Gannons had acquired the property by adverse possession. The Gannons have improperly assigned this point since they had the burden of proof on Special Issue No. 1. Their argument should be framed to read "the trial court erred since adverse possession was established as a matter of law." Nevertheless, we will consider the Gannons' contention under the authority of *O'Neil v. Mack Trucks, Inc.*, 542 S.W.2d 112, 113 (Tex.1976).

■ The statute under which the Gannons claim title is TEX.REV.CIV.STAT. ANN. art. 5510 (Vernon 1958) which states:

Any person who has the right of action for the recovery of lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward. The peaceable and adverse possession contemplated in this article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually enclosed, should the same exceed one hundred and sixty acres; but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be co-extensive with the boundaries specified in such instrument.

In construing the statute, the courts have long held that the basic requisites in this state are that the possession be open or notorious, adverse, and exclusive by the party claiming adverse possession. *See Felts v. Whitaker*, 129 S.W.2d 682 (Tex.Civ. App.—Fort Worth 1939), *aff'd*, 137 Tex. 578, 155 S.W.2d 604 (1941).

■ While most cases deal with enclosure of land as evidence of the basic requisites, enclosure is not essential to establish title by adverse possession under the statute. *Cook's Hereford Cattle Co. v. Barnhart*, 147 S.W. 662 (Tex.Civ.App.—San Antonio 1912, no writ); *Webb v. Lyerla*, 43 Tex.Civ.App. 124, 94 S.W. 1095 (1906, writ ref'd); *Zepeda v. Hoffman*, 31 Tex.Civ. App. 312, 72 S.W. 443 (1903, writ ref'd); *see McCall v. Grogan-Cochran Lumber Co.*, 143 Tex. 490, 186 S.W.2d 677, 680 (Tex. 1945). Moreover, as previously noted, the property claimed by the Gannons was, in fact, enclosed by a thick hedge. Other jurisdictions recognize a hedge as a sufficient means to accomplish enclosure of land. *See Hickey v. Faucette*, 214 Ark. 560, 217 S.W.2d 253 (1949); *Journey v. Vikturek*, 8 S.W.2d 975 (Mo.1928).

■ It is undisputed that the Gannons used and enjoyed the parcel of land in question for more than ten years in peaceable and adverse possession, and therefore, the trial judge should have directed a verdict in their favor. There was no evidence to the contrary and the evidence established as a matter of law, *see Texas & N.O.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947), that the Gannons had obtained title to the land by adverse possession in 1951. Moreover, when there is evidence upon an issue and no evidence to the contrary, as there is here, the jury cannot disregard it. *Texas & N.O.R. Co. v. Burden*, 203 S.W.2d at 530.

The next question is whether we must remand the case to the trial court for findings regarding Special Issues No. 2–5. These issues were not answered by the jury since they were conditioned on an affirmative finding to Special Issue No. 1.

Even though we find that, as a matter of law, Special Issue No. 1 should have been answered "yes," we find that there is no evidence to support an affirmative finding on any of the subsequent special issues. These issues were framed so as to inquire whether the Bywaters proved a subsequent limitations title after the Gannons had acquired it in 1951. The only testimony concerning the Bywaters' involvement with the disputed tract before 1980 was from David Bywaters who said that his sons cleaned up and cleared out the area every year. David Bywaters, Jr., further testified that he only chopped down "little suckers" but never cut anything down; and that when he was working in the area he did not know whether he was in the Gannons' backyard or not. Branson Bywaters testified that he would clean out the area in spring and fall and then periodically on weekends from 1962 onward. The Bywaters never erected any type of fence or did anything to indicate adverse possession until June of 1980 when they built the fence. The Gannons brought this lawsuit in October of 1980. We find that there is no evidence to support affirmative findings on Special Issues No. 2–5. Accordingly, under TEX.R.CIV.P. 434, we reverse and render judgment that the Gannons receive title to the disputed property.

Costs taxed against appellees.