August 31, 2015

Twelfth Court of Appeals
1517 W. Front Ste, Ste 354
Tyler, Texas   75702

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 04 2015

TYLER TEXAS
PAM ESTES, CLERK

RE: No. 12-14-00332-CV
    Robert C. Morris v Sherri Milligan Et Al.

Dear Court Clerk,

    Please find enclosed my Appellant Pro Se Reply Brief to be filed and presented to the Court for consideration in the above styled numbered cause.

    Please note that on this date a true and correct copy has been served upon the Appellees' counsel .

    I would request to be notified upon reciept and when the Court enters its Opinion in this case.

    Thank you for your time and assistance in this matter, it is greatly appreciated and welcomed. I await the Court's action.

                                    Sincerely,

                                    Robert C. Morris
                                    Appellant Pro Se
                                    TDCJ-ID # 1311083
                                    Smith Unit
                                    1313 CR 19
                                    Lamesa, Texas   79331

enclosure(s): 1 (8 pgs.)

CC; file
    Veronica L. Chidester,
    Asst. Attorney General

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District

SEP 04 2015

TYLER, TEXAS
PAM ESTES, CLERK

NO. 12-14-00332-CV


ROBERT C. MORRIS

APPELLANT


v.


SHERRI MILLIGAN, ET AL.

APPELLEES


ON DIRECT APPEAL FROM THE 349TH JUDICIAL DISTRICT
COURT OF ANDERSON COUNTY, TEXAS
TRIAL COURT CAUSE NO. 349-6270


APPELLANT'S PRO SE REPLY BRIEF


ROBERT C. MORRIS
TDCJ-ID # 1311083
SMITH UNIT · 1313 CR 19
LAMESA, TEXAS  79331

## INDEX OF AUTHORITIES

Page

- BREWER v SIMENTAL.......................................... 4,5
     268 S.W.3d 763 (Tex.App.-Waco 2008)

- CITY OF HURST v CITY OF COLLEYVILLE........................ 2
     501 s.W.2d 140 (Tex.Civ.App.-Ft.Worth 1973)

- CRAVENS v SKINNER......................................... 1
     626 S.W.2d 173 (Tex.App.-Ft.Worth 1981)

- DALLAS-FT.WORTH REGIONAL AIRPORT BD. v BRANIFF aIRWAYS, INC . 2
     26 B.R. 628 (N.D. Tex 1982)

- EX PARTE GLOVER........................................... 2
     701 S.W.2d 639 (Tex. 1985)

- EX PARTE SLAVIN........................................... 2
     412 S.W.2d 43 (Tex. 1967)

- GANNON v BYWATER.......................................... 1
     669 S.W.2d 756 (Tex.App.-Dallas 1984)

- GATES v COOK.............................................. 4
     376 F.3d 323 (5th Cir. 2004)

- HARWELL v STATE FARM MUT. AUTO. INS. CO................... 2
     896 S.W.2d 170 (Tex. 1995)

-     JOHNSON v JOHNSON...................................... 3,4
     385 F.3d 503 (5th Cir. 2004)

- JONES v BOCK.............................................. 4
     549 U.S. 199, 127 S.Ct. 917 (2007)

- LEACHMAN v DRETKE......................................... 3
     261 S.W.3d 297 (Tex.App.-Ft.Worth 2008)

- LONE STAR CEMENT CORP. v FLAIR............................ 2
     467 S.W.2d 402 (Tex. 1971)

- PATTERSON v STANLEY....................................... 3,4
     547 Fed.Appx. 510 (5th Cir. 2003)

- RIDDLE v TDCJ-ID.......................................... 3
     2006 WL 328127 (Tex.App.-Corpus Christi Feb. 9, 2006)

- SAFETY-KLEEN CORP v GARCIA................................ 2
     945 S.W.2d 268 (Tex.App.-San Antonio 1997)

- STAR-TELGRAM, INC v DOE................................... 2

## CONSTITUTIONS, STATUTES, OTHER

- TEXAS CIVIL PRACTICE & REMEDIES CODE
     SECTION 14.004......................................... 2
     SECTION 14.005......................................... 2,3

- TEXAS GOVERNMENT CODE
     SECTION 501.008........................................ 3,4

IN THE
TWELFTH COURT OF APPEALS
TYLER, TEXAS

| | | |
|---|---|---|
| ROBERT C. MORRIS,<br>    Appellant | § | |
| | § | APPELLANT'S PRO SE REPLY BRIEF |
| VS | | |
| SHERRI MILLIGAN, ET AL.,<br>    Appellees | § | |

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Robert C. Morris, Appellant Pro Se in the above styled cause, respectfully files and submits this reply brief to Appellee's Brief filed in this case.

I.
Judicial Notice

**A. ISSUES RAISED**

Morris request notice is taken that the Appellee's failed to present arguments regarding Issues 1-3 of the Appellant's Brief, thus Appellees have voluntarily and knowingly waived any future arguments regarding these issues. See: **CRAVENS v SKINNER**, 626 S.W.2d 173 (Tex.App.-Ft.Worth 1981); **GANNON v BYWATERS**, 669 S.W.2d 756 (Tex.App.-Dallas 1984). Morris contends that since Appellee's did not raise argument regarding issues 1-3, Appellees do not deny claims raised therein.

**B. INCORRECT JUDGE**

Morris request notice is taken that Appellees incorrectly name the Honorable Judge W. Edwin Denman as the person who granted Appellees' motion to dismiss and issued final judgment. The Honorable Judge Pam Foster-Fletcher was the presiding official and there was no granting of Appellees' motion to dismiss as filed with the trial court.

**C. ACCESS TO COURTS**

TDCJ no longer allows offenders access to the Grievance Manual. No reasons were given for the denial of access. Morris requested from Unit Grievance Investigator to be called to her office to review the Grievance Manual due to civil litigation and court deadline. Morris was denied "Due to the 'Summary of Changes September 2014' the Grievance Manual is not available for review." This reply was per I-60. Thus Morris cannot properly consider what TDCJ procedure now is or was for the grievance process.

II.

Morris is confused by Appellees' argument and his understanding on court procedures. The Appellees' argument and contention is that Morris should have briefed on every possible element of Chapter 14 as reasons for trial court dismissal, not just the one reason stated in the Order of Dismissal.

Now, a court acts by and through its orders and not otherwise. **CITY OF HURST v CITY OF COLLEYVILLE**, 501 S.W.2d 140 (Tex.Civ.App.-Ft. Worth 1973). Under Texas law, same rules of construction apply to court orders as to other written instruments. **DALLAS-FT. WORTH REGIONAL AIRPORT BD. v BRANIFF AIRWAY, INC**, 26 B.R. 628 (N.D. Tex. 1982); **LONE STAR CEMENT CORP. v FAIR**, 467 S.W.2d 402 (Tex. 1971). It is true that the terms of order, judgment, or decree which the court seeks to enforce must be clear, specific, unambiguous, and unequivocal. See **EX PARTE SLAVIN**, 412 S.W.2d 43 (Tex. 1967). The specificity of the terms of the order is tested by the four corners of the order, by the express language of the terms themselves, and the meaning cannot depend upon clarification or interpretation at future hearings or otherwise. **EX PARTE GLOVER**, 701 S.W.2d 639 (Tex. 1985).

The order issued by the trial court dismissed the case specifically for the alleged failure to file a declaration relating to previous filings under § 14.004 of Texas Civil Practice and Remedies Code. Even the Appellees agree this is what the trial court dismissed the case for. See **Appellee Brief**, pg.4;5. The Appellees even go further. They affirm that Morris did file declaration and complied with § 14.004 and that "the trial court was **not correct** in reasoning that Appellant had not complied with § 14.004." **Id.** at pg. 5 (emphasis added).

The Appellees, however, now contend that the trial court was correct in dismissing the suit for other reasons under Chapter 14, specifically, Morris failed to exhaust all administrative remedies pursuant to § 14.005 of Tex.Civ.Prac. & Rem. Code, meaning the order was ambiguous. This is the same argument Appellees raised in October 2012, to which the court did not act on motion, thus could be considered denied or overruled by matter of operation of law. A trial court is required to consider and rule upon a motion within a reasonable time. **SAFETY-KLEEN CORP. v GARCIA**, 945 S.W.2d, 268,269 (Tex. App.-San Antonio 1997). Over two (2) years is reasonable amount of time, yet the trial court never ruled upon that motion.

The argument advanced by Appellees seems to contradict the Texas Supreme Court on this issue. When summary judgment **does not** specify ground or grounds for ruling, judgment must be affirmed on appeal if any theories advanced therefore are meritorious. **STAR-TELEGRAM, INC v DOE**, 915 S.W.2d 476,473 (Tex.1995); **HARWELL v STATE FARM MUT. AUTO. INS. CO.**, 896 S.W.2d 170,173 (Tex. 1995)(emphasis added). The trial court's order did specify ground for ruling: "Plaintiff failed to an affidavit or unsworn declaration relating to previous filings which complied with Section 14.004." See **CR. 109**.

So relying upon the Texas Supreme Court's decisions, the argument and/or theories advanced by Appellees are without merit. Morris did comply with Section 14.004, as Appellees affirm. Morris and Appellees both agree the trial court was in error in

dismissing the suit for failure to comply with Section 14.004. Thus, case should be reversed and remanded back to trial court for further proceedings.

## III.

The argument Appellees make on alternative, unspecified reasoning for dismissal being correct is the alleged failure to exhaust administrative remedies pursuant to Section 14.005 of Tex.Civ.Prac. & Rem. Code. This, as mentioned above, is the same argument advanced in October 2012 motion to dismiss and under Texas Supreme Court decisions, lack merit.

The Appellees rely upon opinions issued by sister appellate courts that opined "proper exhaustion requires both the timely filing of grievances and exhaustion as to all claims and all parties." See **LEACHMAN v DRETKE**, 261 S.W.3d 297,310-311 (Tex.App.-Ft.Worth 2008) and **RIDDLE v TDCJ-ID**, 2006 WL 328127 (Tex.App.-Corpus Christi Feb. 9, 2006). Both of the court of appeals read more into the statute than what is there, not the plain language of the statutes.

Texas Civil Practice & Remedies Code, Section 14.005 – GRIEVANCE SYSTEM DECISION; EXHAUSTION OF ADMINISTRATIVE REMEDIES – states:

    (a) an inmate who files a claim that is subject to the grievance system established under Section 501.008, Texas Government Code, shall file with the court:
    (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
    (2) a copy of the written decision from the grievance system.
    (b) a court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system."

(VERNONS 2012)

Section 501.008(d) of the Texas Government Code, provides that "an inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system." (VERNONS 2014).

No place in either statute does it state that proper exhaustion requires exhaustion as to all claims and all parties. In fact § 501.008 makes the argument that only the "operative facts" must be presented to exhaust remedies. Whether Appellees wish to admit it or not, TDCJ's Grievance system is to put the administration on notice of an issue or claim that may lead to legal action. See **JOHNSON v JOHNSON**, 385 F.3d 503,517,522 (5th Cir. 2004); **PATTERSON v STANLEY**, 547 Fed.Appex. 510 (5th Cir. 2013).

As for Tex.Civ.Prac. & Rem. Code § 14.005, "The purose of statutes requiring inmate to receive written decision from highest grievance authority before filing claim in

state court ... is to allow the trial court to ensure that an inmate ... has first used the Department of Criminal Justice's grievance procedure and has exhausted his administrative remedies through the prison grievance system before filing suit on the same operative facts." **BREWER v SIMENTAL**, 268 S.W.3d 763 (Tex.App.-Waco 2008)(emphasis added).

Nothing requires prisoners to identify all defendants that they later sue. **JONES v BOCK**, 549 U.S. 199, 217, 127 S.Ct. 910(2007). Nevertheless, a prisoner must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem. **JOHNSON**, 385F.3d at 522; **PATTERSON**, 547 Fed. Appex 510.

Furthermore, when the Step 2 response provides that the Step 1 "narrative" had been reviewed, the grievance was rejected for substantive reasons. Thus, prison officials -the Appellees – now cannot argue that Morris' grievance failed to comply with procedural rules, because the officials looked past the purported technical default. See **GATES v COOK**, 376 F.3d 323, 331 & n.6 (5th Cir 2004). Also, a closer examination of the Step 2 Grievance form, it states: "Give reason for appeal(Be specific). I am dissatisfied with the **response** at Step 1 because..." TDCJ-ID Form I-128 (rev. 9-1-2007)(emphasis added).

What the Appellees wish for the courts to rule is not what the statutes state or require of a prisoner to exhaust administrative remedies. Even § 501.008, Gov't Code, truly puts prison officials on notice that any action taken with a grievance is to be considered prepared for litigation. So when the grievance investigator allegedly did her duty, it was with knowledge her actions were subject to litigation and she could be named in potential suit. The Warden or Asst. Warden, when he signed off on the investigation and findings, he did so with knowledge that his actions were subject to litigation and being named a potentional party to suit. As the courts have stated many times in many cases, ignorance of the law is no excuse or reason.

The Appellees propose as means of exhausting administrative remedies would prevent the original issue from coming before the court. A prisoner who wishes to name all parties involved in the whole process, such as Morris did, would have to file three(3) seperate suits before the courts. The statute only provides 31-day limitation period for filing. By the time the grievance on the investigator is filed, it would be denied for not being filed within 15 days of incident. Prisoner does not know who investigated until Step 1 is returned. The same with who signed off on the grievance and investigation. Further an offender can only file one (1) grievance per 7 days, limiting offenders even more to exhaust administrative remedies and access to the courts.

So by the Appellees proposal, the Courts will be inundated with not less, but more lawsuits from prisoners, contrary to the purpose for establishing Chapter 14. See **BREWER**, 268 S.W.3d 763. If the Appellees would actually ise the Grievance system they established as it should be used for: to legitimately correct its own mistakes and to resolve issues, instead of denying over 90% of the filed Grievances, the Courts would not have to deal with so many inmate lawsuits. Instead, Appellees would rather waste taxpayer money and the Court's time to defend suits they could have easily resolved through the grievance process or before it coming to the Courts.

Morris' case is one of many examples, to resolve the issues Morris had originally raised, all the Appellees had to do was return, replace, and/or repair Morris's property. Something so simple, yet the Appellees have made it so complex, because they do not want to admit to errors or mistakes or wrong doing. Something, in this case, that has over 6 years and counting - that could have been resolved within 30 days of the original step 1 grievance. Who really is at fault for the numerous prisoner lawsuits, the prisoner or TDCJ for failure to resolve matters it could have during the grievance process? The mentality of TDCJ is to keep punishing us prisoner beyond what the Court did, they feel we prisoners have no rights and treat prisoners like garabage. Maybe TDCJ, including the Appellees, need to rethink their actions and way of thinking.

IV.
CONCLUSION

The Appellees admit that trial court erred in dismissing the suit for failure to file a Declaration relating to previous filings. The Declaration was filed and complied with statute, the Appellees agree. Thus, the trial court abused its discretion, warranting reversal of dismissal order and remand for trial.

The fact that the Order was specific as to why the suit was being dismisssed, makes the Appellees argument regarding exhaustion of administrative remedies moot. Regardless, the statutes are very clear and the Appellees's contention and stance is without merit. Thus the Court should find abuse of discretion by the trial court, the Appeellees' argument is without merit, and enter an Order of reversal and remand.

All other issues raised by Appellant should be considered ans an opinion issued, regardless of Appellees waiver of argument and challenge.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** the Appellant Robert C. Morris, prays this Honorable Court finds merit on the issues raised and that the trial court abused its discretion in dismissing the suit, and issues an Order granting reversal of dismissal and remand for trial, in the interest of justice.

Respectfully Submitted,

DATED: August 31, 2015

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311083
Smith Unit
1313 CR 19
Lamesa, Texas   79331

## RULE 9.4(i) CERTIFICATE OF COMPLIANCE

I, Robert C. Morris, certify that this type-written document is 5 pages in length, accounting for Rule 9.4(i)(1)'s inclusions and exclusions.

EXECUTED on this the 31st day of August, 2015.

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311083

I, Robert C. Morris, declare under penalty of perjury, that the foregoing is true and correct, and further certify that a true and correct copy has been served upon Veronica L. Chidester, Asst. Attorney General, Po Box 12548, Austin, Texas 78711-2548 by placing in the Smith Unit/TDCJ Prison Legal Mail System on this the 31st day of August, 2015.

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311083

DATED: August 31, 2015

Respectfully Submitted,

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311063
Smith Unit
1313 CR 19
Lamesa, Texas 79331

## RULE 9.4(i) CERTIFICATE OF COMPLIANCE

I, Robert C. Morris, certify that this type-written document is 5 pages in length, accounting for Rule 9.4(i)(1)'s inclusions and exclusions.

EXECUTED on this the 31st day of August, 2015.

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311063

I, Robert C. Morris, declare under penalty of perjury, that the foregoing is true and correct, and further certify that a true and correct copy has been served upon Veronica L. Chidester, Asst. Attorney General, PO Box 12548, Austin, Texas 78711-2548 by placing in the Smith Unit/TDCJ Prison Legal Mail System on this the 31st day of August, 2015.

Robert C. Morris
Appellant Pro Se
TDCJ-ID # 1311063

-6-